**Walton Ellis WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42982.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Maurice U. Westerfeld, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is kidnapping; the punishment, 10 years.

The indictment alleged that on or about the 9th day of December, 1967, appellant "did wilfully—detain Sherry Harrison, a minor, under 15 years of age, thereby restraining said Sherry Harrison from removing from one place to another as she might see proper, for the purpose then and there, on the part of said Walton Ellis White, of taking said Sherry Harrison from

the lawful possession of Dempsy Harrison, the father of said Sherry Harrison." (Art. 1177 Vernon's Ann.P.C.)

Represented by court appointed counsel, appellant was tried before a jury on December 11, 1968, on a plea of not guilty. The jury having found him guilty, the court assessed the punishment.

Motion for new trial was overruled and sentence was pronounced on January 9, 1969. Notice of appeal was given the same day. Trial counsel was released and other counsel appointed to represent appellant on appeal.

Full appellate record, approved April 28, 1969, was filed in this court March 17, 1970.

The evidence adduced by the state reflects that 7 year old Sherry Harrison and her 12 year old brother were returning home from the grocery store, about 6 P.M., when appellant appeared, told the boy "No she is not going with you," then picked up Sherry and took her to a nearby vacant house, partially furnished, put her in a closet and barred the door with a bed.

Police officers located the missing girl between 7:30 and 8:00 P.M. the same day, using tracking dogs, after her brother had pointed out the location and one of Sherry's shoes was found. Appellant was found hiding behind another door.

Appellant testified. He denied having anything to do with the kidnapping, but admitted that he was in the house behind the door when the officers arrived.

The sole ground of error presents the contention that "upon the introduction of testimony relating to possible insanity of the appellant, the court should have directed a hearing on the issue of sanity."

The record reflects that during the direct examination of appellant's mother, who was testifying as a defense witness, counsel persisted in asking questions concerning the background and early childhood of appellant. The state objected and counsel for

appellant stated that he was eliciting the information to show the background of appellant. The court sustained the objection and counsel then asked "How far did Walton go in school?" The court again sustained the state's objection and at that point the court retired the jury and the following exchange took place in the absence of the jury:

"THE COURT: Counsel, the Court will hear you, for what purpose you wish to offer this type testimony. You indicate it shows the background. For what purpose?

"MR. POWELL: To show this man's social background and medical history background, Your Honor.

"THE COURT: And his what?

"MR. POWELL: Medical background and the type of life he has had up to this time.

"THE COURT: Are you raising the defense of sanity?

"MR. POWELL: No, Your Honor, we are not raising the formal defense of sanity. That is not in the case at this time. We do want to show, if the Court will allow us, that this boy has been in the hospital and has been treated by doctors to show his mental status and state or level of intelligence. I think Mrs. Moss can testify to that because she has had this checked into."

Letters and statements purporting to be reports of psychiatric consultations concerning appellant, attached to appellant's brief, cannot be considered since they were not introduced in evidence before the trial court. Williams v. State, Tex.Cr.App., 441 S.W.2d 853. Moreover, if such reports and letters were considered, they show only mental retardation. There is no assertion or claim that appellant is insane or was incompetent to stand trial, or was insane at the time the offense was committed or at the time he was tried.

The psychiatric report of Dr. Benjamin Sher at the conclusion of an examination of appellant just prior to trial, which is one of the reports attached to appellant's brief, concludes:

"Examination at this time reveals no defect of reasoning, subject is well aware of the nature and quality of his acts and he shows substantial capacity to understand the consequences of his conduct. Subject gives a picture of a somewhat emotionally unstable young adult who has engaged in some rebelliousness and acting out behavior. He is to be considered of sound mind."

The judgment is affirmed.