Edward James WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 52173.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Thomas F. Lee, Del Rio, for appellant.

Tully Shahan, Dist. Atty., Durwood Edwards, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary. Punishment was assessed at ten years' confinement.

Appellant asserts that the trial court erred in failing to hold a separate hearing to determine his competency to stand trial.

Appellant's trial was scheduled to start on February 18, 1975. On that day, and prior to the commencement of the trial, he filed a motion requesting that the court grant a separate hearing on the issue of his present insanity.

The court conducted a hearing without a jury. It appears that this proceeding was held in order to determine whether the appellant's motion requesting a separate competency hearing should be granted.

The record of this proceeding reflects that the appellant would not cooperate with his attorney, did not recognize his attorney, and was complaining of hallucinations. Specifically, he claimed that little green men were pursuing him and had burned his hair off. Dr. Manuel Martinez,[1] a witness at the hearing, stated on cross-examination that there was a possibility the appellant was malingering.

At the conclusion of this testimony, the judge denied the motion for a separate competency hearing. A jury was impaneled and the trial was about to start when the appellant exclaimed that someone or something was after him. The judge ordered him removed from the courtroom and the prosecution commenced. Appellant was eventually allowed to return to the courtroom after he indicated he would create no more disturbances.

Appellant's trial was conducted before the 1975 amendment of Art. 46.02, V.A.C. C.P. At this time, Sec. 1 of Art. 46.02, supra, provided:

"Section 1. The issue of present insanity shall be tried in advance of trial on the

---

1. Dr. Martinez, the Public Health Officer for Val Verde County, is not a psychiatrist. He did, however, examine the appellant. After the examination, the physician wrote the trial court and recommended that the appellant's trial be postponed until a psychiatric analysis could be conducted.

merits, upon written application on behalf of the accused. If upon trial of the issue of insanity in advance of trial on the merits, the accused is found to be presently sane, the trial judge shall dismiss the jury which decided the issue of present insanity and empanel a new jury to hear any subsequent trial on the merits."

In *Carpenter v. State*, Tex.Cr.App., 507 S.W.2d 794, at 795, we stated:

"That provision (Article 46.02, Sec. 1, supra) entitles a defendant to a pre-trial hearing on the issue *regardless* of whether the trial court determines that such issue exists or not. It is a right which may be waived by failing to assert it."

In the case at bar, the appellant did not waive his right to a separate trial on the issue of his present insanity. Before the amendment of Art. 46.02, supra, in 1975, the trial court was required to conduct a pre-trial hearing on the issue of incompetency to stand trial when the accused made timely application for such proceeding.[2] The hearing conducted without a jury by the court in the case at bar did not satisfy the requirements of Art. 46.02, Sec. 1, supra. The trial court, in this case, did not have the discretion to deny the appellant's timely motion for a separate trial on the issue of his competency to stand trial.

The judgment is reversed and the cause remanded.

---

2. Article 46.02, Sec. 2, V.A.C.C.P., now provides a different method for raising the issue of incompetency to stand trial. Section 2, supra, allows the trial court to determine whether *there is any evidence to support a finding of* present insanity on its own motion or on written motion by the defendant or his counsel. A proceeding to determine whether such evidence exists *would be entirely proper under the current law.* If any *evidence exists to support a* finding of incompetency, a jury must be impaneled pursuant to Art. 46.02, Sec. 4, supra, to *determine the issue. If no evidence exists,* however, a separate hearing need not be held. Prior to this amendment, however, a trial court did not have the authority or discretion to deny a timely filed motion requesting a separate hearing on the issue of present insanity. The court in the case at bar, therefore, erred when it denied appellant's proper application. We also note that evidence of appellant's present insanity was presented. A separate hearing before a jury should have been held to determine this issue. See, *Perryman v. State*, Tex. Cr.App., 494 S.W.2d 542; *Ainsworth v. State*, Tex.Cr.App., 493 S.W.2d 517.