**Larry Wayne SISCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61602.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

Rehearing Denied June 18, 1980.

Tomas Garza, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Hollis M. Browning, Asst. Criminal Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of indecency with a child by a jury followed by assessment of punishment by the trial court at confinement for a term of years.

At the outset we are met with appellant's contention that the trial court erred in refusing to impanel a jury to determine the issue of his present competency to stand trial in light of the evidence adduced at a preliminary hearing on that matter. As we believe that the trial court utilized an improper method in determining whether the issue of incompetency was raised in the pretrial hearing, the appeal will be abated and the cause remanded. First, however, the factual setting.

The record reflects that appellant was arrested for the instant offense on May 28, 1978, indictment was returned June 7, 1978, counsel was appointed June 23, 1978; sometime thereafter, not precisely shown by the record before us, appellant's counsel presented a motion for complete psychiatric examination. On September 6, 1978, the trial court granted the motion [1] and appointed Dr. Preston Shaw of Lubbock for the purpose of determining, *inter alia*:

"(1) Whether the Defendant is mentally competent to stand trial; . . ."

October 30, 1978, a hearing was held on appellant's motion for a sanity hearing. All documentary evidence and the sole witness were offered by appellant. Dr. Shaw's finding were admitted without objection and provided in pertinent part:

(1) Appellant is now competent to stand trial inasmuch as he has sufficient present ability to consult with his lawyer with a reasonable and rational degree of understanding and a rational, although not a complete factual understanding of the proceedings against him;

---

1. A later order for payment of fees for the examination recites that "it having been brought to the attention of the Court that there was a serious and substantial question as to whether the defendant . . . was of present sanity to stand trial," the court upon hearing, etc. ordered the examination at the expense of the County.

(2) Appellant knows that he is charged with the crime of indecency with a child but cannot verbalize a concept of what that means;

(3) Appellant knows the judge will be at the trial but claimed not to know the difference between a jury and a grand jury;

(4) Appellant gave the appearance of being rather non-responsive with a lack of alertness;

(5) Appellant did not understand why in fact he had been arrested;

(6) Appellant's friends were those he had met at the Special Olympics for the mentally retarded; and

(7) Appellant flatly denied that there was any sexual contact between him and the complainant.

Additionally, defendant's Exhibit No. 1, denominated as "Results of Testing and/or Observations and Recommendations" made by Vernon C. Stafford, appellant's junior high school counselor, was admitted into evidence and noted that appellant's IQ was at or around 63 and he possessed a scholastic ability somewhere between the second and third grades. Appellant's memory was very poor and he was considered in the mildly retarded range both mentally and academically and, finally, he had spent some time in a state mental facility in Stayton, Oregon.

Appellant called Rita Rodriguez, law clerk to his trial counsel, and she recounted that during an interview between appellant and his trial counsel, at which she was an observer, appellant's responses consisted of either shrugging his shoulders or an inability to remember as regards the facts of the instant offense. He did not understand why he was arrested and could not recall his grandmother's name notwithstanding the fact he had lived with her. Over the

State's objection, Ms. Rodriguez was allowed to testify that in her opinion, appellant was unable to consult with his lawyer and was unresponsive about relating the facts of the case to his counsel.

At the close of the pretrial hearing, the trial court found that appellant was presently competent to stand trial and in doing so noted:

"I am going to have to find, *based upon the doctor's report here*, that there is no issue as far as present competency and the Court will find, *based upon this report*, that in my opinion he is competent, as we know that term to be defined under the laws of the State of Texas at this time . . . [T]herefore, I will deny the request for a separate sanity hearing in front of the Jury . . ."[2]

At trial, which commenced promptly thereafter, appellant presented no evidence and was subsequently convicted by a jury. The issue raised herein was renewed at the hearing on appellant's motion for new trial. It was overruled and sentence was imposed.

As pertinent here, at the time of trial Article 46.02, V.A.C.C.P., provided in § 2(a), Raising the Issue of Incompetency to Stand Trial:

"The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits *if the court determines there is evidence to support a finding of incompetency* . . ."

and in § 4(a), Incompetency Hearing:

"*If the court determines that there is evidence to support a finding of incompetency to stand trial*, a jury shall be empaneled to determine the defendant's competency to stand trial. * * *"

Likewise, pertinent here to show consistency, the same underscored evidentiary standard appears in § 2(b)[3] and § 4(c).[4]

---

**2.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**3.** "If during the trial evidence of incompetency is brought to the attention of the court, the court "must conduct a hearing . . . *to determine whether* or not *there is evidence to*

support a finding of incompetency to stand trial."

**4.** "If the issue of incompetency to stand trial is raised other than by written motion in advance

The thrust of appellant's contention is that under Article 46.02, § 2(a), supra, the decision of the trial court is limited to a determination of whether evidence adduced at a pretrial hearing sufficiently raises a question of incompetency so as to warrant submitting the issue of competency to a jury. In making that determination, reasons appellant, the trial court must not, in advance as it were, invade the province of the jury by weighing *all* evidence presented but must, instead, assay only the evidence tending to prove incompetency in deciding whether to impanel a jury.

For its part the State rejoins that the contention made by appellant "defies reason," arguing that by the process suggested "a naked assertion of incompetency not based on any supporting facts, and in the face of a quantity of expert opinions attesting to the defendant's competency would make mandatory a hearing with a jury to determine the issue." This, the State concludes, "is not the intent of Art. 46.02 . . ."

In advancing and arguing their competing contentions the parties also disagree on whether the trial court is to make its determination against a "bona fide doubt" standard. The focal point of this disagreement is the meaning and application of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and its construction of the Due Process Clause of the Fourteenth Amendment with respect to determination of competency to stand trial. Consistently with his basic position appellant would reject that test because it permits the trial court to weigh all the evidence.[5] The State

relies on *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978) for the proposition that application of that test is consistent with the language of Article 46.02.

Simply stated, then, the parties have joined issue on and have called on the Court to decide what standard shall be utilized by a trial court in concluding from evidence presented at a pretrial hearing whether a jury should be impaneled to determine competency of a defendant to stand trial. We now turn to a resolution of the problem.

The present language of Article 46.02 with which we are here concerned was not formulated by the Legislature until it completely revised §§ 2 and 4, as well as others, in 1975.[6] Initially, a procedure was judicially created to preserve and implement the statutory imperative of Article 34, V.A.P.C. 1925 and its predecessors, that one shall not be tried for an offense while he is presently insane; then in 1937[7] and again in 1957[8] the Legislature enacted procedures to remedy what were perceived as deficiencies in the system; still again in 1965, with the revised Code of Criminal Procedure, came yet another version in the original Article 46.02. We need not elaborate on these historical developments and the concerns which prompted them for that has been comprehensively done in *Townsend v. State*, 427 S.W.2d 55 (Tex.Cr.App.1968). The point to be made, however, is that never did the law consistently spell out a criterion or standard by which the trial court in response to a request by a defendant must measure the propriety of impaneling a jury to determine present competency to stand trial[9]—until, that is, 1975.[10]

---

of trial . . . and *the court determines that there is evidence to support a finding of incompetency to stand trial*, the court shall set the issue for determination . . ."

**5.** As a secondary position appellant contends that even if the "bona fide doubt" is the proper measure the trial court erred in failing to apply it in this case.

**6.** Acts 1975, 64th Leg., ch. 415, p. 1095, § 1, Article 932a, V.A.C.C.P., 1925.

**7.** Acts 1937, 45th Leg., ch. 466, p. 1172, Article 932a, V.A.C.C.P., 1925.

**8.** Acts 1957, 55th Leg., ch. 486, p. 1413, § 22, Art. 932b, *id.*

**9.** Of course, the early judicial rule was jury trial on proper request, *Guagando v. State*, 41 Tex. 626 (1874), but neither the 1937 nor the 1957 legislative enactments "purport to state when and under what circumstances a preliminary trial was to be had, or how jurisdiction to order it was invoked," *State v. Olsen*, 360 S.W.2d 398, 402 (Tex.S.Ct.1962), quoted approvingly in *Townsend v. State*, supra, 427 S.W.2d at 59–60. We do note that §§ 3 and 4 of Article 932b, supra, provided a bar to further postconviction proceedings and to execution

when present insanity was found by a jury impaneled after "sufficient proof is shown to satisfy the judge of the convicting court that a reasonable doubt exists as to the sanity of the defendant." Nor did Article 46.02, as originally included in the 1965 revised Code of Criminal Procedure, provide a test to be utilized by the trial court; it seemed to contemplate receiving evidence of present incompetency during trial on the merits as a matter of right if the accused had filed a prior motion for mistrial, but not in a preliminary hearing before trial unless with consent of the State and approval of the trial court. In either event, however, a threshold determination by the trial court was not called for by the statutory scheme of original Article 46.02; rather, its § 2(b)(1) admonished that when present insanity is tried the issue "shall be submitted to the jury *only* if supported by competent testimony." Moreover, Article 46.-02 did not differentiate in its particulars between trials before the court and by jury before subsection (g) was added to § 2 by Acts 1967, 60th Leg., ch. 659, p. 1748, § 33 to provide that when trial is before the court "there arises in the mind of the court from any cause, a reasonable doubt as to the present sanity of the defendant, the court shall suspend the proceedings and shall . . . impanel a jury to determine the issue of the present sanity of the defendant." *See Townsend v. State*, supra, 427 S.W.2d at 63, note 7, and *Morales v. State*, 427 S.W.2d 51, 54 (Tex.Cr.App.1968).

**10.** Meanwhile, the Court rendered opinions touching nearly every conceivable situation at the pretrial and trial stages that seem to decide on a case by case basis whether failure or refusal of the trial court to impanel a jury was reversible error: *Ring v. State*, 450 S.W.2d 85 (Tex.Cr.App.1970), no error unless facts and circumstances coming to the attention of the trial court are "sufficient to indicate the necessity of such hearing or inquiry;" *White v. State*, 456 S.W.2d 935 (Tex.Cr.App.1970), not error in failure *sua sponte* to direct sanity hearing absent claim that accused is incompetent; *Wallace v. State*, 458 S.W.2d 67, 72 (Tex.Cr.App.1970), question of competency not raised by testimony of clinical psychologist at punishment phase where trial counsel never requested pretrial hearing on motion and informed trial court did not intend to raise issue at trial; *Streaker v. State*, 487 S.W.2d 94 (Tex.Cr.App.1972), trial court fully complied with motion for determination of sanity by ordering a psychiatric evaluation that reported someone able to assist in his defense; *Vardas v. State*, 488 S.W.2d 467, 469 (Tex.Cr.App.1973), even if request for preliminary sanity hearing properly denied for refusal of State to consent, showing by sworn motion and testimony at trial made present incompetence "sufficiently manifest" that due process required trial judge to halt the trial and conduct a hearing on its own initiative before proceeding further; *Ainsworth v. State*,

493 S.W.2d 517, 521–522 (Tex.Cr.App.1973), discretion not abused in determining midtrial that the question of incompetency to stand trial was not supported by the evidence when entire record is considered; *Perryman v. State*, 494 S.W.2d 542 (Tex.Cr.App.1973), reiterating statements in *Townsend, Ainsworth, Vargas,* supra, *et al.*; *Wages v. State*, 501 S.W.2d 105 (Tex.Cr.App.1973), abuse of discretion not shown in failure of trial court *sua sponte* to interrupt plea hearing where its inquiries did not make "sufficiently manifest . . . reasonable grounds for the court to doubt competency to stand trial;" *Martin v. State*, 504 S.W.2d 887 (Tex.Cr.App.1973), not error to refuse to halt probation revocation proceeding to conduct sanity hearing when same judge of trial court had determined sanity in accepting earlier guilty plea to primary offense; *Noble v. State*, 505 S.W.2d 543 (Tex.Cr.App.1974), following closely *Ainsworth,* supra; *Carpenter v. State*, 507 S.W.2d 794 (Tex.Cr.App.1974), having once found existence of issue of competency, trial court erred in not pursuing it to jury determination, and purported waiver of right to hearing under Article 46.02, § 2, does not absolve trial court of duty to impanel a jury; *Quintanilla v. State*, 508 S.W.2d 647 (Tex.Cr.App.1974), considering the record trial court did not err in failing to conduct a hearing to determine competency since evidence not sufficient to create "a reasonable ground to doubt the competency of the accused to stand trial;" *King v. State*, 511 S.W.2d 32 (Tex.Cr.App. 1974), evidence not sufficient to make incompetency "manifest" and raise "a reasonable doubt . . . in the mind of the court;" *Ballard v. State*, 514 S.W.2d 267 (Tex.Cr.App.1974), no abuse of discretion in failing to initiate sanity hearing during punishment phase of trial when record as a whole indicates evidence insufficient to create a reasonable ground to doubt competency to stand trial; *Cavender v. State*, 515 S.W.2d 277 (Tex.Cr.App.1974), question of competency raised midtrial required impaneling different jury; *Reeves v. State*, 516 S.W.2d 410, 413 (Tex.Cr.App.1974), where pretrial motion for sanity hearing was withdrawn, no error in thereafter failing to impanel a jury since the evidence and matters presented at pretrial hearing "were not sufficient to raise a real issue of the competency of appellant to stand trial;" *Bledsoe v. State*, 519 S.W.2d 647 (Tex. Cr.App.1975), trial court properly accepted guilty plea when it is clear from all the evidence that incompetency was not claimed, accused appeared sane and no question of competency arose sufficient to require a sanity hearing; *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr. App.1975), no error where evidence did not sufficiently raise issue of incompetency but, even if it did, after further inquiry and discussion, trial court determined hearing not necessary and accused did not object; *Chapman v. State*, 525 S.W.2d 8 (Tex.Cr.App.1975), guilty plea properly accepted without competency hearing where accused introduced favorable

In *Williams v. State*, 543 S.W.2d 385 (Tex.Cr.App.1976) the Court contrasted requirements of the 1975 amendments to Article 46.02 with the prior procedure for raising an issue of incompetency, and pointed out:

"Article 46.02, Sec. 2, V.A.C.C.P., now provides a different method for raising the issue of incompetency to stand trial. Section 2, supra, allows the trial court to determine whether there is *any evidence to support a finding of present insanity* on its own motion or on written motion by the defendant or his counsel. A proceeding to determine whether *such evidence exists* would be entirely proper under the current law. *If any evidence exists to support a finding* of incompetency, a jury must be impaneled pursuant to Art. 46.02, Sec. 4, supra, to determine the issue. *If no evidence exists,* however, a separate hearing need not be held."

This statement of the "different method" for raising the issue suggests that the Legislature had eyed the civil law in framing the standard to govern the trial court in deciding whether to impanel a jury to determine incompetency. See Rule 279,[11] T.R.C.P. and annotated cases:[12] Deemed "fundamental" is the proposition that only issues raised by the evidence need be submitted to the jury, but that any probative evidence, "more than a scintilla," tending to support an issue is sufficient; further, that in determining whether the evidence raised the issue for submission, it must be viewed in the light most favorable to the party with the burden of securing the finding, disregarding contrary evidence and inferences.[13] Regardless, as *Williams,* itself,

---

psychiatric report and his counsel stated he was able to assist counsel in defense; *Cruz v. State,* 530 S.W.2d 817, 822 (Tex.Cr.App.1975), on facts similar to *Chapman,* supra, same conclusion is reached; *Auldridge v. State,* 533 S.W.2d 821 (Tex.Cr.App.1976), trial court made inquiry required by Article 46.02, § 2(g)(1), then extant, and, finding issue of incompetency was not raised, did not abuse its discretion failing to impanel jury; *Cato v. State,* 534 S.W.2d 135, 138 (Tex.Cr.App.1976), trial court did not err in failing to halt trial for murder committed in 1974 when record fully supports its finding and conclusions that accused was competent to stand trial; *Williams v. State,* 543 S.W.2d 385 (Tex.Cr.App.1976), trial court without discretion to deny timely pretrial motion for separate trial of issue of competency before 1975 revision of Article 46.02, § 1; *Paul v. State,* 544 S.W.2d 668 (Tex.Cr.App.1976), in absence of request for hearing under earlier provision, no error in failing to hold one, and evidence sufficient for trial court to decline to conduct an independent inquiry into competency; while not articulated in each case, during this period the Court developed a strain of *Townsend v. State,* characterized elsewhere by Judge Dally as "a constitutional-statutory hybrid," Dally, "Proceedings Before Trial Criminal Cases," 33, Texas College of the Judiciary Manual (1979).

11. Providing for submission of issues Rule 279 mandates that the trial court "shall submit the *controlling issues made* by the written pleadings and the evidence . . ."

12. *Ethicon, Inc. v. Parten,* 520 S.W.2d 527, 531 (Tex.Civ.App.—Houston (14th) 1975); *Hanks*

*v. LaQuey,* 425 S.W.2d 396, 406 (Tex.Civ.App. —Austin 1968) writ ref'd. n. r. e.; *Leatherwood Drilling Co. v. TXL Oil Corp.,* 379 S.W.2d 693, 696 (Tex.Civ.App.—Dallas 1964) writ ref'd n. r. e.; *Cox v. Rhodes,* 233 S.W.2d 924, 926 (Tex. Civ.App.—El Paso 1950) no writ history; *Horace Mann Mutual Ins. Co. v. Estate of Andress,* 525 S.W.2d 47, 49 (Tex.Civ.App.—Amarillo 1975) no writ history.

13. We are well aware that on the civil side there is a body of law that measures sufficiency of evidence to support a finding that *has been made* by a jury—or the trial court alone, for that matter—see, e. g., *Smith v. Davis,* 453 S.W.2d 340, 347 (Tex.Civ.App.—Ft. Worth 1970): ". . . the evidence in the record must be considered in the light most favorable to the way the jury answered the question. Only the evidence . . . that is opposed to such finding and that which is contradictory in nature must be disregarded. (citing cases.)" However, we are satisfied that in prescribing the standard by which a trial court must decide whether to impanel a jury to determine competency the Legislature intended only that there be evidence sufficient to raise the issue rather than to support a final determination of incompetency. In other words, the Legislature neither expected nor required that the parties marshal and present all their evidence in the first instance to base the preliminary decision of the trial court. The notion, instead, is that evidence be sufficient to raise the issue, not to determine it. Compare *Wages v. State,* 501 S.W.2d 105, 107 (Tex.Cr.App.1973) and *Bonner v. State,* 520 S.W.2d 901, 905–906 (Tex.Cr.App. 1975).

makes clear, the question for the trial court is whether with respect to *incompetency* there is "any" evidence or "no" evidence.

*Ramsey v. State*, 563 S.W.2d 616, 618 (Tex.Cr.App.1978) recognized the new standard: ". . . no hearing is required unless the court determines there is evidence to support a finding of incompetency." In the context of making the determination midtrial—not at all our situation here—the Court En Banc sharply divided over the quantum of evidence in *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978), and neither side cited *Williams* or *Ramsey*, supra. The same is true of *Thomas v. State*, 562 S.W.2d 240, 243 (Tex.Cr.App.1978) rehearing en banc denied and *Dinn v. State*, 570 S.W.2d 910, 914 (Tex.Cr.App.1978), the latter concluding that, notwithstanding a legislative change in the language that prescribes the standard: [14]

"By the 1975 amendment to Article 46.02, the Legislature intended to preserve the bona fide doubt in the mind of the trial judge as the standard of proof to be met before a separate mid-trial determination of the accused's competency will be required. *Johnson v. State*, supra."

Our digression to cases construing § 2(b), the midtrial situation, demonstrates that the State is mistaken in relying on *Johnson* and its progeny for support of its contention that the "bona fide doubt" standard applies to the pretrial procedure. Considering the en banc precedents for a different standard of sufficiency of preliminary evidence, it is not for this panel of the Court to hold otherwise—to say that the two, founded in identical statutory language, should receive the same construction and, if so, which one, are matters we leave to the full court.[15]

We are, therefore, constrained to hold that, in determining after hearing held in advance of a trial on the merits whether "there is evidence to support a finding of incompetency to stand trial," the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency. Because the trial court did not apply the standard of our holding but, instead, based its determination on the competing medical report of competency,[16] we must abate the appeal in order for the trial court to do so.

Consonant with a mix of the principles and procedures of *Hester v. State*, 535 S.W.2d 354 (Tex.Cr.App.1976) and *McKittrick v. State*, 535 S.W.2d 873 (Tex.Cr.App.

---

14. It is to be recalled that in 1967 the Legislature added to Section 2 a subsection (g) to provide that if during trial "there arises in the mind of the court from any cause, a reasonable doubt as to the present sanity of the defendant," the court must suspend trial proceedings and impanel a jury to determine the issue.

After the 1975 revision, however, § 2(b) admonished the trial court to impanel a jury midtrial if after a hearing, conducted upon evidence of incompetency comes to the attention of the court from any source, it determines "there is evidence to support a finding of incompetency to stand trial."

15. As one legal scholar has observed, "The procedure prescribed by the Texas statute (Article 46.02) for determining a defendant's competency to stand trial prior to the beginning of a trial on the merits has not proved troublesome for the court of criminal appeals [sic], but that part of the statute providing the procedure to be followed once a trial on the merits is underway has caused a split in the court." The reference is, of course, to *Johnson*. Hippard,

"Criminal Law," 33 SLJ 530. Today we are content to let well enough alone.

16. The "bona fide doubt" standard, heretofore applied by this Court to midtrial situations, is apparently derived from *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), in which the term appears within quotation marks. However, Mr. Justice Clark was actually drawing that term from an Illinois statute, 383 U.S. at 385, 86 S.Ct. at 842, rather than setting a standard. In its concluding paragraph concerning a possible retrial, the opinion states, "In the event a *sufficient* doubt exists as to his present competence such a hearing must be held," *id.* at 387, 86 S.Ct. at 843. See also *Townsend*, supra, at 57: "The Court in *Pate* did not reveal the *extent of inquiry* to satisfy due process requirements . . ." Thus, the purported standard is not a creature of the Constitution and our Legislature may prescribe some other one that is adequate to meet due process requirements.

1976), in which hearings were held but full and complete findings were not made by the trial court, and of *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979), *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979) and *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979), in which hearings flawed by one defect or another dictated doing so, and without expressing any view of what the determination should be, we remand the cause to the trial court for its determination in accordance with the standard of our holding today whether from the record of the prior hearing there is evidence to support a finding of incompetency of appellant to stand trial. The trial court should make appropriate findings and conclusions, cause them to be filed of record and included in a supplemental record, and direct the clerk of the trial court to transmit the supplemental record to the Clerk of this Court for further disposition.

It is so ordered.

ODOM, J., concurs in result.

TOM G. DAVIS, J., dissents.