Darcelle M. LINGERFELT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00382–CR.

Court of Appeals of Texas, Dallas.

Feb. 19, 1982.

Rehearing Denied March 23, 1982.

Stanley I. Weinberg, Dallas, for appellant.

Jeff Keck, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

STOREY, Justice.

This appeal is from a conviction for aggravated robbery in which punishment was assessed at 15 years confinement. The principal complaint is that the trial court erred in failing to hold a separate hearing on competency to stand trial. We conclude that the record reveals no evidence of incompetency to stand trial, and consequently affirm.

A hearing on competency is required when any evidence exists to support a finding of incompetency. Tex.Code Crim.Pro. Ann. art. 46.02 (Vernon 1981); *Sisco v. State,* 599 S.W.2d 607 (Tex.Cr.App.1980); *Williams v. State,* 543 S.W.2d 385 (Tex.Cr. App.1976). "Any evidence" refers to the civil standard of "more than a scintilla." *Sisco v. State, supra; see generally Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059 (1898). The evidence asserted in this case to have raised the issue of competency to stand trial consists of the testimony of a psychiatrist called as a witness by appellant. He testified that she suffered from schizophrenia, and, as a consequence, was incapable of knowing right from wrong and conforming her behavior to the law either at the time of the robbery or at the time of trial.

The test for competency to stand trial is whether the accused has sufficient present ability to consult with his attorney with a reasonable degree of rational as well as factual understanding of the proceedings against him. Tex.Code Crim.Pro.Ann. art. 46.02 § 1(a) (Vernon 1981); *Johnson v. State,* 564 S.W.2d 707 (Tex.Cr.App.1978). The diagnosis of schizophrenia and the testimony that she did not know right from wrong and was unable to conform her conduct to the requirements of the law presented no more than surmise or speculation that she was unable to consult with a reasonable degree of rationality with her attorney. Because the record reveals no evidence of incompetency to stand trial, the trial court did not err in failing to order a competency hearing.

Appellant additionally complains that the State was permitted to cross-examine Dr. Griffith, the psychiatrist appellant called to present her defense of insanity, about the commission of prior offenses. The prosecution was thereby enabled to bring out a history of prostitution and drug involvement told Dr. Griffith by appellant. It is settled that a psychiatrist may testify as to statements made to him in the course of a psychiatric examination. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979). In *DeRusse,* the court stated that, "[p]sychiatric testimony with regard to the de-

fendant's sanity at the time of the offense would hardly be possible if statements by the defendant during his examination were inadmissible, and the jury would be deprived of valuable evidence relative to the insanity defense." It is apparent that the primary rationale for the admission of this type of evidence is its relevance to the insanity defense.

*DeRusse*, however, did not deal with extraneous offenses told the psychiatrist by the defendant. In such a case, the relevance must outweigh the prejudicial potential of the evidence. *Sanders v. State*, 604 S.W.2d 108 (Tex.Cr.App.1980). In *Sanders*, the court reversed because the extraneous offenses were irrelevant to the sanity issue. The reason was that they were admitted to show that the defendant was sane and was merely faking insanity. That is not the case here. Appellant's prior bad acts were brought out on cross-examination to contest Dr. Griffith's diagnosis of schizophrenia. Both Dr. Griffith and the State's psychiatrist testified that teenage criminal activity is a characteristic of sociopathy, termed by both a personality disorder and not a mental disease or defect. Dr. Griffith testified that, despite her record, he diagnosed appellant as schizophrenic and legally insane at the time of the offense. The State's psychiatrist diagnosed her as a sociopath. Her criminal record was probative on this contested issue and did not so prejudice appellant as to deny her a fair trial.

Appellant's remaining points complain of error arising out of argument of counsel. We have examined the record and conclude that the arguments complained of were either comments upon evidence already before the jury or were cured by instructions of the court.

Affirmed.