11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Lashundra Adams

Appellant

Vs.                   No.
11-03-00052-CR B Appeal from Dallas County

State of Texas

Appellee

 

Lashundra
Adams waived her right to a jury trial, made a judicial confession, and entered
a guilty plea to the indictment which charged her with possessing Awith intent to deliver@ more than four grams of cocaine.  There was no plea bargain, and the trial
court ordered a presentence investigation. 
After that report was filed, the trial court sentenced appellant to
confinement for five years.[1]  We affirm the conviction.

                                                                Sole
Point of Error

Appellant=s court-appointed lawyer filed a brief which
contains only one point of error. 
Appellant argues that the trial court erred Ain not stopping the plea proceedings@ to investigate her mental state.  Appellant=s brief refers to these two sentences in a lengthy presentence report:

[Appellant] said that the doctor in jail has
given her celexa for antidepressant. 
She did look depressed.

 

                                                        Hearing
on October 18, 2002








The trial
court examined appellant under oath at the first hearing to make sure that she
understood the indictment; that she was pleading guilty because the allegations
in the indictment were true; that she realized that she was charged with a
first-degree felony[2]; and
that she understood  that this was an Aopen plea@ which meant that there was Ano deal, promise, or understanding@ as to any particular outcome at the time of sentence.  Appellant told the court that she was able
to read and write, that she had read the papers which she had signed (the Aplea agreement@ and the Ajudicial
confession@), and that she understood them.  The court made sure that she realized that
she was giving up her right to a jury trial. 
After appellant=s
trial counsel said that he was Asatisfied that this lady is competent,@ the trial court accepted her plea and ordered a presentence
investigation.

                                                      Hearing
on November 15, 2002

The State
asked the court to take judicial notice of the presentence report which had
been prepared.  Appellant=s trial counsel said that there was Ano objection@ to the report.  Relevant
portions of that report read as shown:

LASHUNDRA ADAMS is a 26-year old black
female, charged with the offense of Possession of Controlled Substance with
intent to deliver more than 4 but less than 200 grams.  She was interviewed at the North Tank at Lew
Sterrett on October 21, 2002.  She was
cooperative in answering questions.  She
said that the doctor in jail has given her celexa for antidepressant.  She did look depressed.

 

                                                           *    *   
*

 

She said that she had been selling drugs on
and off for five years.

 

                                                           *    *   
*

 

If she could change anything in her life, it
would be Anot having sex early.@  

 

                                                           *    *   
*

 

She said that she had lived with a boyfriend
when she was 14 years old.  She lived
with him for two years.  They had a son
who is now 12 years old.  They separated
when he Astarted to fight on me.@ 
[She] had another boyfriend when she was 17 years old.  She did not live with him.  They had a son who is now nine years
old.  She had a boyfriend who fathered
three children, now ages five, four, and three.  She met him when she was 20 years old.  She said that her latest relationship is with somebody she had
met in jail.  She had seen him one
time.  They write to each other.  He is in jail for probation violation and
expects to be released next month.  She
said that none of the children of three girls and two boys live with her.  She sees all of them.

 

                                                           *    *   
*

 

MESSAGE TO THE JUDGE

 








AI want to be on probation.  I have never been in jail before.  During eight months in jail, I have [had]
time to think about what I did wrong and made up my mind jail is not for
me.  I will never come back.  If you give me probation, I will prove to
you this place is not for me, and show you that I will never be back.@

 

OFFICER=S IMPRESSIONS AND RECOMMENDATION

 

The defendant...admitted ownership of the
drugs....[S]he has been dealing in drugs on and off for the last five
years....She appears to have a substance abuse problem that she is not willing
to admit.  She has not had any kind of
substance abuse treatment.

 

Based on the information provided, she is a
poor candidate for probation.  If given probation, the conditions of
probation must include at least supportive outpatient drug treatment, GED, and
drug offender program.  Assignment to
the Day Reporting Center is appropriate so that she could have lifeskills
classes.  (Emphasis added)

 

After the
State rested, appellant was called as a witness by her trial counsel.  Relevant portions of her testimony read as
shown:

Q: Lashundra, you know
why you are here today, correct?

 

A: Yes.

 

Q: This is in effect your
trial, you are going to tell His Honor a little bit about you, explain the
circumstances of your life and this offense and sum it up, you are going to ask
His Honor to grant you probation; is that correct?

 

A: Yes.

 

                                               *    *   
*

 

Q: Now, a lot of folks
come before His Honor and they present their problems and they ask that he
grant mercy and we talked about that and you said you wanted to talk a little
bit about your plans for the future if you are afforded the opportunity to have
probation?

 

A: Yes, sir.

 

Q: You said you wanted to
get an honest job, what are you interested in?

 

A: I am interested in
home health care.  I did it before.  But I would like to go to school for it and
get a license for it so I can do it.

 

Q: You said you wanted to
get your GED?

 

A: Yeah.








                                               *    *   
*

 

Q: Do you think you can
[make your probation work]?

 

A: I can get my GED and
get me a good job and support my children like they need to be supported.

 

Q: And your children
range in age from what?

 

A: Twelve to three.

 

During her
cross-examination by the State, appellant admitted that she had a gun for
protection, that she had been selling drugs Afrom age 17 off and on,@ and that she had installed surveillance cameras in the house where she
sold drugs.  

                                 Relevant
Law on Competency to Stand Trial

The due
process right to a fair trial prevents the government from subjecting a person
to trial if the person=s Amental condition@ is such that he or she lacks the capacity to
understand the nature and object of the proceedings, to consult with counsel,
and to assist in preparing the defense. 
Drope v. Missouri, 420 U.S. 162, 171 (1975); Pate v. Robinson, 383 U.S.
375 (1966).  

While discussing these two cases, our Court of
Criminal Appeals said in Alcott v. State, 51 S.W.3d 596, 599 (Tex.Cr.App.2001):

To adequately guard the
right to a fair trial where evidence of the defendant=s incompetence is raised during trial,
our Legislature, consistent with the Supreme Court=s opinion in Pate and with this Court=s jurisprudence on the subject, adopted
Section 2(b).[3]  Prior to Section 2(b)=s adoption and after Pate, this Court
held that evidence from any reasonable or credible source must raise a bona
fide doubt as to a defendant=s competency to stand trial before a trial judge is required sua
sponte to hold a competency hearing. 
After Section 2(b)=s adoption, this Court in Johnson v. State, [564 S.W.2d 707, 710
(Tex.Crim.App.1977)], recognizing Texas common law, found that the Legislature
did not intend to abrogate the Abona fide doubt@ standard, but rather to codify that standard
in cases where evidence of the defendant=s incompetence was raised during trial.

 








In Sisco v. State, [599
S.W.2d 607, 613 (Tex.Crim.App.1980)], we adhered to our position in Johnson
that Section 2(b) maintains the Abona fide doubt@ standard. 
But we said that a different standard governs Article 46.02, Section
2(a).[4]  We explained that the language of Section
2(a), which requires the trial court to conduct a hearing before trial
where the court Adetermines there is evidence to support a
finding of incompetency to stand trial,@ means that the trial court must determine Awhether there is some evidence, a quantity
more than none or a scintilla, that rationally may lead to a conclusion of
incompetence.@

 

                                                           *    *   
*

 

The statutory language,
and our cases construing it, thus persuade us that the court of appeals
correctly concluded that Aevidence of the defendant=s incompetency,@ as used in the opening clause of Section 2(b), is that evidence
sufficient to create a bona fide doubt in the judge=s mind as to the defendant=s competence to stand trial.  This clause triggers the determination of whether
the trial court need conduct a competency inquiry sua sponte.  (Emphasis in original)

 

See
also McDaniel v. State, 98 S.W.3d 704, 709 (Tex.Cr.App.2003).

                                                    This
Court=s Ruling

The sole
point of error is overruled.  The trial
court did not err by failing to stop the plea proceedings.  The evidence before the court did not show
that appellant was incompetent to stand trial. 
Her testimony at the two hearings showed that she had the mental
capacity Ato understand the nature and object of the
proceedings, to consult with counsel, and to assist in preparing the defense.@  The
fact that she was Adepressed@ and taking medicine was not sufficient to
create a bona fide doubt in the trial court=s mind of her competency to stand trial.  Alcott v. State, supra.

The judgment of the trial court is affirmed.         

 

BOB DICKENSON

SENIOR JUSTICE

July
10, 2003  

Do
not publish. See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot,
C.J., and 

Wright, J., and
Dickenson, S.J.[5]











[1]The trial court denied her request for deferred
adjudication and community supervision.





[2]The trial court made sure that appellant understood
that the minimum sentence was 5 years and that the maximum sentence was 99
years or life, plus a fine of up to $10,000.





[3]TEX. CODE CRIM. PRO. ANN. art. 46.02, ' 2(b) (Vernon 1979) provides:

 

If during the trial evidence of the
defendant=s incompetency is brought to the attention of the court
from any source, the court must conduct a hearing out of the presence of the
jury to determine whether or not there is evidence to support a finding of
incompetency to stand trial. (Emphasis added)





[4]TEX. CODE CRIM. PRO. ANN. art. 46.02, ' 2(a) (Vernon 1979) provides: 

 

The issue of the defendant=s incompetency to stand trial shall be determined in
advance of the trial on the merits if the court determines there is
evidence to support a finding of incompetency to stand trial on its own motion
or on written motion by the defendant or his counsel filed prior to the date
set for trial on the merits asserting that the defendant is incompetent to
stand trial.  (Emphasis added)





[5]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.