

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,873 & AP-76,874

### Ex parte MICHAEL GEORGE LAHOOD, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 960494-A & 960495-A IN THE 185ᵀᴴ DISTRICT COURT
### FROM HARRIS COUNTY

**KELLER, P.J., filed a concurring opinion in which MEYERS, J., joined.**

The Court finds that counsel was deficient for failing to adequately investigate whether applicant was competent to stand trial, but then it finds that there was no prejudice because there is no reasonable probability that applicant would have been found incompetent. So even though counsel was correct in her assessment that applicant was competent to stand trial, the Court finds her performance to be deficient. I cannot agree with that holding.

First of all, the Court seems to believe that a client's mental illness creates a duty for counsel to investigate his competence to stand trial. But mental illness, in and of itself, does not raise an issue of incompetency,[1] so it is unclear why it would create a duty to investigate. None of the cases

---

[1] *Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999).

cited by the court for the proposition that counsel must investigate a client's mental history are on point. In those cases, the evidence showed a reasonable probability that the defendant was in fact incompetent,[2] or the court concluded that counsel did not act deficiently with respect to the investigation into competency,[3] or the defendants' mental histories were relevant to possible defenses to the charged crimes or as mitigating evidence at punishment.[4]

With respect to this last distinguishing circumstance, it is important to note that there is a difference between matters involving a defendant's past mental state and matters involving his present mental state. A defendant's past mental state may be relevant to sanity, to guilt for the charged offense, or as mitigating evidence, but his past mental state is not particularly relevant to his competency to stand trial. At one time or another, Texas courts have held that evidence of the following types does not raise the issue of competency to stand trial: a history of mental illness,[5] past psychiatric problems,[6] paranoia and generalized anxiety disorder,[7] drug addiction and suicide

---

[2] *See Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990) (referring to testimony by a psychologist that the defendant had a mental disorder that caused him to be incompetent to plead guilty).

[3] *See Roberts*, 381 F.3d *v. Dretke*, 381 F.3d 491, 499 (5th Cir. 2004) (counsel reasonably relied upon expert report and his own observations regarding defendant's competency and was not deficient for failing to investigate further).

[4] *See Roberts*, 381 F.3d at 498-99 ("Roberts next argues that his trial counsel Steven Pickell provided ineffective assistance by not investigating Robert's medical and social history and by not presenting that evidence to the jury in either the guilt/innocence or punishment phases of his trial."); *Beavers v. Baulkcom*, 636 F.2d 114, 116 (5th Cir. 1981) (faulting counsel for failing to discover evidnce relevant to sanity at the time of the offense).

[5] *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).

[6] *Porter v. State*, 623 S.W.2d 374, 381 (Tex. Crim. App. 1981).

[7] *Eddie v. State*, 100 S.W.3d 437, 444 (Tex. App. - Texarkana 2003, pet. ref'd).

attempt,[8] suicidal tendencies and depression,[9] a history of psychiatric treatment,[10] and a diagnosis of schizophrenia.[11] Competency to stand trial involves only present mental state. Counsel will not have firsthand knowledge of a defendant's past mental state, and information about his past mental state will typically be obtained through investigation. But counsel will have firsthand knowledge of a defendant's present mental state and investigation into his past mental state will typically be beside the point.

The Ninth Circuit recently addressed a claim of ineffective assistance of counsel with respect to the issue of competency to stand trial.[12] That court did not address the deficient-performance prong of the *Strickland*[13] test,[14] but its comments on the prejudice prong are telling. The court pointed out that "defense counsel, who spent a great deal of time discussing the issues with Deere, had no doubt that Deere was legally competent, rational and could cooperate in his defense if he wanted to."[15] This assessment was made despite the fact that the defendant had "severe personality

---

[8] *Reeves v. State*, 46 S.W.3d 397, 400 (Tex. App. - Texarkana 2001, pet. dism'd.).

[9] *Townsend v. State*, 949 S.W.2d 24, 27 (Tex. App. - San Antonio 1997, no pet.).

[10] *Valdes-Fuerte v. State*, 892 S.W.2d 103, 107 (Tex. App. - San Antonio 1994, no pet.).

[11] *Lingerfelt v. State*, 629 S.W.2d 216, 217 (Tex. App. - Dallas 1982, pet. ref'd).

[12] *Deere v. Cullen*, ___ F.3d ___, 2013 U.S. App. LEXIS 11110, *59-68 (9th Cir. June 3, 2013).

[13] *Strickland v. Washington*, 466 U.S. 668 (1984).

[14] *Deere*, 2013 US. App. LEXIS 11110, *60 ("The question on this aspect of the case boils down to this: whether Deere suffered any prejudice from the lack of a competency hearing, even assuming for the sake of argument that Mr. Jones should have moved for one? Put another way, was there a reasonable probability that he would have been found incompetent to plead guilty?").

[15] *Id.* at *63.

and substance abuse disorders."[16] The Ninth Circuit concluded that counsel was uniquely positioned to assess whether the defendant was competent:

> Although's Deere's psychiatric diagnosis is a medical question, his competence to plead guilty is a legal one that judges and lawyers deal with all the time. Deere and Mr. Jones [defense counsel] conferred for countless hours before the plea was entered. It was apparent to Mr. Jones that Deere understood the proceedings and his various options but wanted to plead guilty for the reasons already stated: he wanted to spare his family; he wanted to minimize the trauma to the survivors; and he thought a guilty plea and possible death sentence was just under the circumstances. These are not irrational considerations. Mr. Jones was uniquely positioned to assess Deere's ability to understand the proceedings and his legal options. Thus, Mr. Jones's opinion is "especially relevant" and provides "significant evidence" that Deere was competent.[17]

Several other courts have declined to address the deficient-performance prong and held that the defendant did not suffer prejudice because there was not a reasonable probability that the defendant would have been found incompetent.[18]

The Supreme Court of Florida has held that defense attorneys were not deficient for failing to move for a competency determination based in part on their own personal observations of the defendant.[19] In that case, Nelson (the defendant) claimed that a suicide attempt and the opinion of a defense mental-health expert that Nelson was marginally competent placed trial counsel on notice

---

[16] *Id.* at *4.

[17] *Id.* at *63-64 (citations omitted).

[18] *Warren v. Baenen*, 712 F.3d 1090, 1100 (7th Cir. 2013) (not addressing whether counsel's performance with respect to defendant's competency was deficient); *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (same); *Shoen v. State*, 648 N.W.2d 228, 231 & n. 3 (Minn. 2002) (same).

[19] *Nelson v. State*, 43 So. 3d 20, 29 (Fla. 2010).

that Nelson's competency to proceed was at issue.[20]  The court explained that "trial counsel were experienced in handling capital cases and deemed Nelson competent to proceed based on [an expert's] evaluation and through their own contacts with Nelson."[21]  The attorneys indicated that, "based on face-to-face dealings with Nelson, it was never deemed necessary to move for a comptency determination."[22]  The court determined that Nelson had "not demonstrated deficiency of his trial counsel."[23]

Second, the Court refers to competence to stand trial as "a medical issue."  It is not.  Mental illness is a medical issue, and it is undisputed that appellant suffered to some degree from mental illness.  Competence to stand trial is a legal issue.[24]  As such, counsel is particularly suited to assess whether her client "lacks the present ability to consult with" her with a reasonable degree of rational understanding and whether he has "a rational as well as factual understanding of the proceedings against him."  The lawyer, not the doctor, is the "expert witness" with regard to her client's competency.

Third, the Court finds that the record lacks affirmative evidence of either prong of the test for competency to stand trial.  If, even after remands for affidavits from family and experts, there is no evidence that appellant was incompetent to stand trial, I do not understand how the Court can conclude that counsel was deficient for believing exactly that.

---

[20]  *Id.*

[21]  *Id.*

[22]  *Id.*

[23]  *Id.* at 30.

[24]  *Deere*, 2013 US. App. LEXIS 11110, at *63-64.

Tens of thousands of defendants suffer from mental illness, and the severity of their mental illnesses varies widely. When a defendant is perfectly able to communicate with his attorney and understand the proceedings against him, I would not find his attorney's failure to investigate mental illness to be deficient conduct. In this case, the trial court found that appellant was such a defendant, and those findings are fully supported by the record.

I agree with the Court's discussion of prejudice in the present case and would not have written separately if the Court had chosen to address only the issue of prejudice and found that there was none.[25] But I disagree with the Court's decision to label counsel's conduct deficient when she was correct in her assessment, based upon her own observations, that applicant was competent to stand trial.

With these comments, I join only parts I and IIB of the Court's opinion.


Filed: June 26, 2013
Publish

---

[25] *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").