**Affirm and Opinion Filed July 29, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-12-00578-CR

**BILLY CLYDE STELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-62140-Y**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Appellant Billy Clyde Stell appeals his conviction of attempted burglary of a habitation and accompanying sentence of 40 years' imprisonment. In a single issue, appellant contends he was deprived of his right to effective assistance of counsel under the sixth and fourteenth amendments to the United States Constitution when the trial court improperly permitted him to proceed pro se at the outset of his trial. We affirm.

### Background

Appellant was tried for the offense of attempted burglary of a habitation. Prior to the commencement of jury selection, the record shows the trial judge indicated he had been informed that appellant wished to represent himself. At that point, the trial judge notified appellant "[t]here are dangers and disadvantages of self-representation" and informed appellant of the range of punishment. The trial court also instructed appellant that he "would have to do

all the questioning of the witnesses and make all of the objections if [he] want[s] to represent [him]self," and that "[t]he fairest thing for [him] to do would be to allow Mr. Knight[1] to represent [him]." The trial judge further warned appellant "there may be issues that arise in this case as far as jury instructions" and that if appellant had a lawyer, "he would be much more apt and able to take care of those issues than [appellant] would." The trial judge also notified appellant of jury selection issues.

After receiving these admonishments, appellant affirmed that he understood and told the judge: "I'm representing myself." The trial judge then asked Mr. Knight to remain in the courtroom as standby counsel. The indictment was then presented, and appellant entered a plea of not guilty. Standby counsel informed the trial court that appellant was not eligible for probation.

The trial court then asked Mr. Knight to present appellant with a document by which he would waive his right to representation by counsel. The trial court asked Mr. Knight to explain the document to appellant and have him execute it if he still wished to proceed pro se. The trial court then signed and granted appellant's request to represent himself. The trial court indicated appellant could change his mind and notified appellant that Mr. Knight would remain in the courtroom to assist him.

The trial judge then instructed appellant that it would be in his best interest to wear "suitable civilian clothing," but that he could continue to wear his jail uniform if he wished. Appellant did not indicate he wanted to change into civilian clothing.

Based on the trial judge's observation of appellant's "extremely acrimonious and vituperative behavior," in particular with regard to Mr. Knight, the judge replaced Mr. Knight with Mr. Zeke Tyson to serve as standby counsel for appellant.

---

[1] Mr. Knight was appellant's initial appointed counsel.

At the commencement of jury selection, the trial judge instructed the prospective jurors not to hold appellant's decision to represent himself "against him in any way, shape or form. He's presumed to be innocent at all times." He then notified the prospective jurors that Mr. Tyson would be serving as standby counsel for appellant. The trial judge further admonished the jury that they "cannot hold that against him that he is in prison clothing." The judge again stated appellant was "presumed innocent at all times unless and until the State of Texas can prove his guilt, if they can, beyond a reasonable doubt." Immediately prior to the State's voir dire examination, the trial judge once more stated that the prospective jurors should not "hold it against [appellant] at any time that he is representing himself."

The State then conducted its portion of the voir dire examination, and the trial broke for lunch. Upon returning from lunch, appellant informed the trial court that he no longer wished to represent himself. Mr. Tyson then agreed to serve as counsel for appellant during the remainder of the trial.

At trial, appellant's mother testified he had a history of drug abuse and had been diagnosed with schizophrenia. Appellant, who was 38-years old at the time of trial, also testified about his drug abuse and stated he had been diagnosed with depression, a bipolar disorder, and schizophrenia.

The State proved appellant had multiple prior convictions.[2] A loss prevention officer from a Target store also testified appellant was detained for shoplifting a few days prior to this incident. The jury convicted appellant of attempted burglary of a habitation, enhanced by his two

---

[2] Appellant's prior convictions include theft (1994), terroristic threat (1999), possession of marijuana (2000), possession of a controlled substance (2 in 2001), theft (2002), burglary (2004), robbery (2009), possession of marijuana (2009), and theft (2009). The record reflects appellant was represented by counsel in all of these prior cases.

prior felony convictions,[3] and the trial court assessed appellant's sentence at 40 years' imprisonment.

**Analysis**

In a single issue, appellant contends he was deprived of his right to effective assistance of counsel under the sixth and fourteenth amendments to the United States Constitution when the trial court improperly permitted him to proceed pro se at the outset of his trial.

Federal and state law guarantee a criminal defendant the right to the assistance of counsel as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; TEX. CONST. art. I, §10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (accused "shall have right of being heard by himself, counsel, or both"); *Faretta v. California,* 422 U.S. 806, 818–820 (1975); *Hatten v. State,* 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). In *Faretta,* the U.S. Supreme Court established the independent right of self-representation, in addition to the previously recognized right to waive the assistance of counsel. *Faretta,* 422 U.S. 806.

A defendant may choose to proceed pro se by exercising his right of self-representation. *See, e.g.,* TEX. CONST. art. 1, § 10 ("[an accused] shall have the right of being heard by himself"); *Faretta,* 422 U.S. at 818–820 (1975); *Moore v. State,* 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). When the right of self-representation was established in *Faretta,* the Supreme Court stated that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation. . . ." *Faretta,* 422 U.S. at 835; *see also Blankenship v. State,* 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). Once a defendant asserts his right of self-representation, a trial court is obligated to advise the accused of the

---

[3] Appellant was previously convicted of the felony offenses burglary of a building in 2004 and of robbery in 2009.

dangers and disadvantages of self-representation. *Ex parte Winton,* 837 S.W.2d 134, 135 (Tex. Crim. App. 1992); *Williams v. State,* 774 S.W.2d 703, 705 (Tex. App.—Dallas 1989, pet. ref'd).

In this case, appellant contends he did not receive the proper admonishments and, "when the record does not affirmatively show that the defendant was sufficiently admonished as required by *Faretta,* it is reversible error, not subject to a harm analysis." Appellant also cites this Court to the *McQueen* decision and argues, when considering a waiver of the right to counsel, the trial court must: (1) consider the defendant's age, education and background; (2) ensure that the waiver is not a result of coercion or mistreatment; and (3) be satisfied the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *See McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir. 1985). Finally, appellant asserts that, because the admonishment was inadequate, appellant's waiver to the right to counsel was improper.

However, we have recently held that, when a trial court appoints standby counsel, the admonishments are not required. *See Newkirk v. State*, No. 05-12-00202-CR, 2013 WL 222278, at *2 (Tex. App.—Dallas Jan. 22, 2013, no pet.) (not designated for publication) (citing *Walker v. State,* 962 S.W.2d 124, 126–27 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Robertson v. State,* 934 S.W.2d 861, 865–66 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *Maddox v. State,* 613 S.W.2d 275, 286 (Tex. Crim. App. 1980) (op. on reh'g) (admonishment required only where defendants represent themselves without assistance of counsel)). In cases where hybrid representation is allowed or standby counsel is appointed, "no question of waiver of counsel is involved," since counsel remains to assist the defendant, and as a result, there is no need to admonish the defendant of the dangers and disadvantages of self-representation. *See Maddox,* 613 S.W.2d at 286; *Robertson,* 934 S.W.2d at 865. Therefore, we conclude appellant's argument is without merit.

Appellant next contends that his appearance in the courtroom in his jail uniform subverted his right to a presumption of innocence. But, we have already noted that the trial judge, outside the presence of the jury and prior to the commencement of trial, instructed appellant that it would be in his best interest to wear "suitable civilian clothing." Appellant did not indicate he wanted to change into civilian clothing. Further, at the outset of trial, the trial judge twice admonished the jury that appellant was to be presumed innocent and that they "cannot hold that against him that he is in prison clothing." Because we generally presume that a jury follows the instructions given by the trial judge, absent some further showing, it is assumed the jury followed the judge's admonishment. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (law presumes jury will follow trial court's instruction to disregard). We, therefore, conclude appellant's argument regarding the prison clothes is also without merit.

Finally, appellant argues he was never competent to represent himself and made two uninformed and prejudicial decisions: (1) the decision to be tried in jail clothes and (2) the decision to plead not guilty.[4] Appellant contends that, because he was "improperly denied the assistance of counsel at this critical juncture, a new trial is required."

In this section of his brief, appellant points us to nothing in the record and cites no authority to support his proposition. We will not make appellant's arguments for him. *See* TEX. R. APP. P. 38.1(h); *Wyatt v. State*, 23 S.W.3d 18, 23 n. 5 (Tex. Crim. App. 2000). However, we do note that a knowing, intelligent, and voluntary waiver of counsel is not evidence of incompetency. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999). Furthermore, a defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b). Appellant's claim of mental illness, standing alone, does not establish he was

[4] Appellant later changed his plea to guilty.

incompetent. *See Lingerfelt v. State*, 629 S.W.2d 216, 217 (Tex. App.—Dallas 1982, pet. ref'd) (diagnosis of schizophrenia presented no more than a surmise or speculation that defendant was unable to consult with a reasonable degree of rationality with her attorney); *see also Grider v. State*, 69 S.W.3d 681, 684 (Tex. App.—Texarkana 2002, no pet.) (Evidence of mental impairment alone does not require that a special jury be empaneled where no evidence indicates that a defendant is incapable of consulting with counsel or understanding the proceedings against him.) In this case, at the conclusion of evidence, the trial court pronounced appellant mentally competent. We, therefore, conclude appellant's final argument is without merit and overrule his sole issue on appeal.

Having overruled appellant's only issue, we affirm the judgment of the trial court.

Do Not Publish  
TEX.R.App.P.47  
120578F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY CLYDE STELL, Appellant

No. 05-12-00578-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-62140-Y.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE