**David Dudley BOLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59765.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 10, 1981.

Gary J. Coker, Jr., Waco, for appellant.

Felipe Reyna, Dist. Atty. and Lynn Malone, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Justice.

This is an appeal from a conviction of aggravated sexual abuse. Punishment, enhanced by a single prior conviction, was assessed at ninety-nine years. V.T.C.A. Penal Code, Section 12.42(c). Appellant and his brother were tried together for this offense.

Appellant initially contends the trial court erred in overruling his pre-trial motion for a competency hearing. The motion, in its entirety, reads:

"MOTION FOR INCOMPETENCY
HEARING

"NOW COMES, David Dudley Boling, Defendant and makes his motion for an incompetency hearing before a jury prior to any trial on the merits of the case.

**242**

"Said motion is made pursuant to Article 46.02, V.C.C.P.

/s/ Gary J. Coker
GARY J. COKER
Attorney for Defendant
7543 Bosque
Waco, Texas 76710"

The motion does not comply with Article 46.02, Section 2(a), V.A.C.C.P. The motion itself does not assert appellant's incompetency nor bring forth any evidence of incompetency.[1] However, the trial court, upon motion and in an effort to protect the indigent appellant's rights, ordered a psychiatric examination.

Six days prior to trial, the court held a hearing on all pre-trial motions. Regarding the "Motion for Incompetency Hearing", the trial court stated:

"THE COURT: Gentlemen, if the report —I'm not going to rule on this motion right at this time, I'll rule on it Monday morning after I receive this report from Dr. Holbrook. And I will tell you in advance, however, that if Dr. Holbrook's report stated that these men are competent, well, your motion will be denied, at that time. I do not intend to have everybody run at every psychiatrist in the city at the taxpayer's expense, it's that simple. But I will withhold any action on that until Monday morning."

Five days prior to trial, the court-appointed psychiatrist filed his report on the examination of appellant. The psychiatrist unequivocally stated that, in his opinion, appellant was not suffering from any mental disease or defect and was "competent to aid his attorneys in his defense."

On the day of the trial and prior to the voir dire of the jury, the court formally ruled on appellant's request for a competency trial:

"THE COURT: All right, on the record, Mr. Bowen, in both cause numbers, one being 77–250–C, it is entitled 'The State of Texas versus Adrian C. Boling', and the other is Cause No. 77–251–C, entitled 'The State of Texas versus David Dudley Boling', the Court, *after the pre-trial hearing*, had withheld ruling on both motions that have been filed by the two attorneys, which was captioned 'Motion for a Pre-Trial Hearing on Competency', and one of them is called 'Motion for Incompetency Hearing'. At this time, after reviewing the court-appointed psychiatrist's report on the two Defendants, the Court is going to deny both of those motions.

"MR. BERGEN: Note our exception on behalf of the Defendant, Adrian C. Boling.

"MR. COKER: Note our exception on behalf of David Dudley Boling, Your Honor." (Emphasis added)

The record reveals that no evidence other than the psychiatric examination was introduced. Once the trial court ruled adversely, appellant did not attempt to perfect a bill of exception. Neither did appellant again raise the issue of competency during trial, or through a motion for new trial.

■ Appellant has failed to produce any legally competent evidence in this record of incompetency. The only evidence concerning appellant's motion was the report from the court ordered psychiatric examination. The report outlines appellant's educational, mental, and physical history. The psychiatrist unequivocally stated that appellant was competent. Appellant did not present any evidence to rebut the psychiatrist's opinion. Thus, no evidence of incompetency was present. *McWherter v. State*, 607 S.W.2d 531 (Tex.Cr.App.1980); *Vigneault v. State*, 600 S.W.2d 618 (Tex.Cr.App.1980).

We, therefore, hold that the trial court did not abuse its discretion in refusing to hold a competency hearing. Appellant's motion was discussed at a pre-trial hearing. It was formally ruled upon prior to trial. Appellant could have pursued the matter through a bill of exception or a motion for new trial. Moreover, appellant had ample

---

1. Competent evidence can be shown through a variety of means: prior mental history, sufficient affidavits questioning an accused's competency, or a psychiatric report. These examples are not meant to be the only methods of presenting competent evidence.

opportunity to present evidence of incompetency during trial, thereby again raising the issue. Accordingly, the ground of error is overruled.

■ Appellant's only other ground of error claims the trial court reversibly erred in not granting his motion to appoint additional experts. The trial court did, in fact, appoint a psychiatrist to examine appellant. However, when the reports on the co-defendants were filed, they were mistakenly switched. A later action by the court corrected the inadvertent error. The results of the psychiatric examination demonstrated sufficient competency for the appellant to stand trial.

Appellant, through inventive argument, does not focus on the trial court's failure to appoint *additional* experts, but in reality attacks the clerical error of misfiling the psychiatric reports. Appellant asserts that, since the report was not in the proper record at the hearing, it amounted to a complete denial of any psychiatric examination in violation of Article 46.02, supra, and the right to prepare a defense in the competency hearing. However, appellant fails to produce evidence or demonstrate facts that the misfiling of the report resulted in prejudicial error. Neither did appellant ever demonstrate that a copy of the report was not sent to him. Article 46.02, Section 3(d), V.A.C.C.P. Indeed, the trial court announced in open court that it had the reports. Appellant had a right to request to examine the documents. Article 46.02, Section 3(d), supra.

Therefore, not only does appellant's error on appeal fail to comply with his objection at trial, but he also fails to demonstrate how the inadvertent mistake in filing resulted in prejudicial harm. Accordingly, this ground of error is overruled.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

I respectfully dissent.

Appellant contends the trial court erred in summarily overruling his timely filed pretrial motion for a hearing upon his competency to stand trial. See Art. 46.02, Sec. 2(a), V.A.C.C.P., hereinafter cited as C.C.P.

The record reflects that, 11 days prior to trial, appellant filed a motion for a competency hearing before a jury.

Six days prior to trial, at a hearing on motions, the trial court indicated that it would summarily overrule the motion if the report of Dr. John Holbrook, the psychiatrist appointed to examine appellant,[1] showed appellant to be competent. The record reflects the following:

THE COURT: Gentlemen, if the report —I'm not going to rule on this motion right at this time, I'll rule on it Monday morning after I receive this report from Dr. Holbrook. And I will tell you in advance, however, that if Dr. Holbrook's report states that these men are competent, well, your motion will be denied, at that time. I do not intend to have everybody run at every psychiatrist in the city at the taxpayers' expense, it's that simple. But I will withhold any action on that until Monday morning.

Prior to the voir dire examination of the jury on trial day, the court formally overruled the motion:

THE COURT: All right, on the record, Mr. Bowen, in both cause numbers, one being 77–250–C, it is entitled "The State of Texas versus Adrian C. Boling", and the other is Cause No. 77–251–C, entitled "The State of Texas versus David Dudley Boling", the Court, after the pre-trial hearing, had withheld ruling on both motions that have been filed by the two attorneys, which was captioned "Motion for a Pre-Trial Hearing on Competency", and one of them is called "Motion for Incompetency Hearing". *At this time, after reviewing the court-appointed psychiatrist's report on the two Defendants, the Court is going to deny both of those motions.*[2]

---

1. The report mentioned had not been received by the trial court at that time.

2. Emphasis supplied throughout by the writer unless otherwise specified.

MR. BERGEN: Note our exception on behalf of the Defendant, Adrian C. Boling.[3]

MR. COKER: Note our exception on behalf of David Dudley Boling, Your Honor.

The sequence of events described indicates a basic misunderstanding of the procedures mandated by Art. 46.02, C.C.P., by the trial court and by counsel for appellant. The trial court apparently believed that evidence tending to show competency can be considered *in refusing to empanel a jury* to decide the issue of incompetency once that issue has been raised; appellant, on the other hand, takes the position that, having raised the issue by motion, *he was entitled to a jury hearing* without the necessity of a preliminary showing of evidence which would support a jury finding that appellant was incompetent to stand trial.

Art. 46.02, Sec. 2(a), C.C.P., provides:

The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant *or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.*

The court's duty, under the statute, in my view, is to make a determination whether there is any evidence to support a finding of incompetency *once the issue is raised by written pre-trial motion.* I find the pre-trial motion and statement of appellant's counsel sufficiently informed the trial court that appellant wished to contest the issue of his competency.[4]

The standard for making the determination of incompetency by the trial court is set out in *Sisco v. State*, Tex.Cr.App., 599 S.W.2d 607 (1980):

We are, therefore, constrained to hold that, in determining after hearing held in advance of a trial on the merits whether "there is evidence to support a finding of incompetency to stand trial," *the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency.*

As previously noted, the trial court, *without conducting a hearing of any kind[5] and based totally and solely upon Dr. Holbrook's report,* which was not introduced into evidence, and was not even included in the record on appeal until after appellant filed his brief,[6] summarily and unilaterally denied appellant's motion for a hearing. By the statute, once the issue is drawn, *a non-jury bench hearing* before the trial court is mandated.

Explicit in the language of *Sisco*, supra, and implicit in the statutory requirement that the Court make a determination whether evidence exists to support a finding of incompetency, is the necessity of providing the parties an opportunity to present evidence of incompetency to the Court; to-wit: *a bench hearing. If, and only if, some evidence,* "a quantity more

---

3. The co-defendant, Adrian C. Boling, appellant's brother, was also examined by Dr. Holbrook, see *Boling v. State*, 609 S.W.2d 549 (1980), and though jointly tried with appellant, had a separate appeal, which was decided by a per curiam opinion.

4. Appellant's motion did not, strictly speaking, comply with Sec. 2(a) in that it requested a competency hearing but did not specifically assert appellant's incompetency. Prior to the ruling of the court, however, appellant's counsel stated to the court that:

... I am a psychology major, I have prosecuted cases in the District Attorney's office approximately five years of a mental and incompetency nature, I have tried competency cases, *I feel that there is enough evidence, in talking with David Dudley Boling in my limited contact with him, to raise the issue of incompetency before this Court.*

5. What appears in the record does not constitute a "hearing" of any kind.

6. Appellant urged in his original brief that the omission of the report constitutes reversible error. This contention has become moot because the report was subsequently transmitted to this Court. The only other contention raised in this appeal is the one we have discussed.

than none or a scintilla," is presented at that hearing which "rationally may lead to a conclusion of incompetency," a defendant *is then and only then* entitled to a pre-trial competency hearing before a jury.

Because appellant was not provided an opportunity to present evidence of incompetency in this cause, I would abate this appeal and remand this cause to the trial court to determine whether, in light of the passage of time, the issue of appellant's competency at the time of his trial in 1977 can be decided retrospectively.

If the trial court determines that the issue can be decided, it shall proceed to hear testimony to determine, under the standard set out in *Sisco*, whether a jury hearing is required under Article 46.02, Sec. 4(a), C.C.P., and, if necessary, to hold such hearing and take such further actions as are authorized by Article 46.02, C.C.P.

I would also hold that if the trial court determines that a nunc pro tunc determination of appellant's competency is not feasible, it shall grant a new trial, and appellant shall remain in custody of the Sheriff of McLennan County to answer the indictment in this cause.

I respectfully dissent to the majority's disposition of appellant's contention. There is the story where one attorney asked another attorney, who had appealed his client's cause to this Court, "What went wrong?" upon learning the case was affirmed. The appellate attorney simply replied: "Nothing." "They wired around me."

I fear that this is exactly what the majority's opinion does to this appellant, although it effectively "wires" around our trial judges as to the future, for our trial judges are left by the majority's opinion without any guidelines when a defendant or his attorney files a motion for a competency hearing.

I also fear trial judges will read this opinion literally. I, for one, caution them not to do so for if they do they may find themselves in the same boat in which State and Federal District trial judges, and a

majority of this Court found itself in *Zapata v. State*, Tex.Cr.App., 493 S.W.2d 801 (1973). See *Zapata v. Estelle*, 585 F.2d 750 (5th Cir.1978); and *Zapata v. Estelle*, 588 F.2d 1017 (5th Cir. 1979). Our judicial manpower, at both the trial court level and in this Court, is too precious to waste on the technicalities the majority hoists upon the judiciary today.

I respectfully dissent.