**Glen Russell HOWELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-047-CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 3, 1982.
Discretionary Review Refused
April 21, 1982.

Kugle, Stewart & Dent and Robert A. Kugle, Fort Worth, for appellants.

Shannon, Gracey, Ratliff & Miller and John H. Hudson, III, David E. Keltner, Fort Worth, for appellees.

HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of possession of a forged check. Punishment (enhanced by a prior conviction) was set at eighteen years confinement in the Texas Department of Corrections by the trial court following the guilty verdict by the jury.

We affirm.

Appellant asserts two grounds of error on appeal.

By his first ground of error, appellant contends that the trial court erred in failing to set out in full the tenor of the check in question in the charge to the jury. At this point, it is noted that the tenor of the check was alleged in the indictment, and that only one check, the one alleged in the indictment, was introduced into evidence.

We could dispose of ground of error number one for the reasons that appellant failed to request that the exact wording of the check be included in the court's charge and by failing to object to the court's charge on the ground that the exact wording of the check was not set out therein.

Appellant, however, earnestly contends that the court should have included the tenor of the check in its charge, citing among other cases *Shaw v. State*, 557 S.W.2d 305 (Tex.Cr.App.1977). That case, as well as the others cited, is distinguishable, however. In *Shaw, supra*, the appellant was charged with burglary under V.T. C.A., Penal Code § 30.02(a)(3). The trial court, however, instructed the jury on the offense of burglary under V.T.C.A., Penal Code § 30.02(a)(1), which defines a different way of committing burglary.

In the case before this court, the check which is the subject of the offense was set out in the indictment *in haec verba* and was purportedly signed by Genevieve L. Hudson on a blank check form stolen from her. Only one check was introduced into evidence; it was connected to the appellant; and it is the check alleged in the indictment.

Appellant cites no authority and indeed we can find none, holding that a check alleged to be forged, and set out *in haec verba* in the indictment must also be set out *in haec verba* in the court's charge.

Ground of error number one is overruled.

By his second ground of error, appellant asserts that the evidence is insufficient to support his conviction.

The following brief summary of the evidence is included in our opinion in our consideration of this ground of error.

The forged check in this case was passed from an old blue Chevrolet station wagon. Police were familiar with the description of

the station wagon and were looking for it on the day of the offense anticipating that it would be used in an attempt to cash a forged check. Appellant owned the station wagon, drove it to a bank, was seen driving it and was behind the wheel when the police stopped the car and arrested its occupants. Appellant drove the station wagon out of the bank's drive-in lane without the check (detained by the bank) or the money which would have been paid had the check been cashed.

An expert on handwriting analysis, one Harry L. Felkner, Jr., testified that following his analysis of the forged check and appellant's handwriting samples, he concluded that appellant had actually written the information contained on the face of the forged check.

Much of the argument on the sufficiency issue is directed toward the proposition that evidence given by experts on handwriting analysis is suspect and not of such a value, given the state of art and of science as a whole, so as to close the gap on every other reasonable hypothesis save and except the guilt of the appellant in a circumstantial evidence case. We disagree.

Moenssens and Inbau in *Scientific Evidence in Criminal Cases*, Second Edition, 1978, state at page 496:

> "The worth of any expert's opinion lies in the extent of his qualifications and in the manner of presenting his testimony. This applies with equal force in the field of questioned document examination. Probably many of the less favorable court pronouncements about the reliability of handwriting comparisons by experts are due to the fact that this is a field in which many pseudo experts operate, especially in civil litigation. If the expert is truly qualified, his opinion is based upon a very high degree of probability and deserves considerably more weight than the courts of the past have been willing to attribute to it."

We hold that the evidence is sufficient to support the conviction. Appellant's second ground of error is overruled.

Appellant has submitted a pro se brief. Although we are not required to consider it, we have done so and find the grounds of error raised therein to be without merit.

The judgment of the trial court is affirmed.