David Leonard STARLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00137–CR.

Court of Appeals of Texas,
El Paso.

May 18, 1983.

William B. Burford, Hinkle, Cox, Coffield & Hensley, Midland, for appellant.

Vern F. Martin, Dist. Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a judgment of conviction for the offense of forgery by possession with intent to pass. The jury found Appellant guilty of the offense as charged and found the enhancement paragraph to be true. He was sentenced to a life term in the Texas Department of Corrections. We reverse and remand for a new trial.

The evidence elicited at trial showed that Appellant broke into the offices of Midland Plastic Pipe on the night of January 11, 1982. Appellant took five checks from a checkbook belonging to Donald F. Schaffrina. On January 12, 1982, Appellant entered the Sundown Market and bought some groceries. He paid for the groceries by forging one of the stolen checks, Check No. 422. In addition to the groceries, Appellant received $215.00 in change. On January 13, 1982, Appellant returned to the store, approached the store manager and attempted to pass the check for which he was indicted, Check No. 425. The police were summoned, and the store manager detained Appellant until their arrival. The arresting officer observed that Appellant was staggering, emitting an odor of alcoholic beverage, and slurring his speech. Whereupon, the Appellant was arrested for public intoxication. The Appellant was taken before the Justice of the Peace where he was read his *Miranda* rights. On January 15, 1982, the Appellant gave Sergeant B.J. Johnson a written confession in which he admitted the burglary, the theft of the checks and the forgery of the two checks. The Appellant was indicted and tried for forgery by possession with intent to pass in regard to Check No. 425.

Appellant urges the court below erred in the following particulars:

1) In overruling his motion to suppress evidence of an extraneous offense relating to the other check, No. 422;

2) In permitting the prosecution to omit the description of the indicted check, No. 425, in reading the indictment to the jury;

3) In omitting from the court's charge a description of the indicted check, No. 425;

4) In not granting Appellant a jury trial on competency to stand trial;

5) In overruling his motion for a continuance; and,

6) In overruling Appellant's motion to suppress his confession alleged as being the result of an illegal arrest.

In view of our remand, we will discuss only briefly grounds one, four, five and six which are overruled. As to the extraneous offense, we believe Check No. 422 was admissible to show scienter and scheme. *Sales v. State,* 628 S.W.2d 796 (Tex.Cr.App.1982); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972); *Mendoza v. State,* 459 S.W.2d 439 (Tex.Cr.App.1970). Our review disclosed no abuse of discretion in denying a jury trial on the issue of incompetency. There was no evidence presented that could rationally lead to a

conclusion of incompetency. *Boling v. State,* 617 S.W.2d 241 (Tex.Cr.App.1981); *Sisco v. State,* 599 S.W.2d 607 (Tex.Cr.App. 1980). We find no abuse of discretion in the denial of the motion for continuance. *Freeman v. State,* 556 S.W.2d 287, 307 (Tex. Crim.App.1977), cert. denied, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 794 (1978). Having reviewed the evidence in regard to the arrest and confession, we find no error and no abuse of discretion in denying the motion to suppress. See *Bentley v. State,* 535 S.W.2d 651 (Tex.Cr.App.1976); *Balli v. State,* 530 S.W.2d 123 (Tex.Cr.App.1975). Grounds one, four, five and six are overruled.

We turn to the remaining grounds of error, two and three. In grounds two and three, Appellant complains that the indictment was read to the jury with the description of the forged check (Check No. 425) omitted, and thereafter, over objection, the charge that went to the jury also omitted the description of the indicted check (Check No. 425). Compounding the problem, although independently admissible as previously discussed under ground one, Check No. 422 was received in evidence and was before the jury. In *Nolan v. State,* 624 S.W.2d 721 (Tex.App.—Amarillo 1981), the Court states in pertinent part:

> The requirement that the indictment be read to the jury, mandated by the Tex. Code Crim.Pro.Ann. art. 36.01(1) (Vernon 1981), is to inform them in precise terms of the particular charge laid against the defendant on trial. The defendant's plea thereto makes the issue.

And in *Johnson v. State,* 42 S.W.2d 782 (Tex.Cr.App.1931), the Court said, in referring to the reading of the indictment, "It is of such a substantial nature that in all of the decisions of this Court, it has been treated and regarded as mandatory." Here, the indictment was read but a material portion thereof was omitted in the reading. Although we believe the omission was error, there was no objection made to this omission. We have been cited no authority that the omission here constitutes fundamental error, and we have found none.

However, in view of our determination of the third ground and its relationship to the second ground, we need not decide whether the omission in the reading, standing alone, constitutes reversible error.

■ Ground three urges error in the omission from the charge of the specific tenor of the indicted check. Although Paragraph 6 of the court's charge instructed the jury to return a guilty verdict if it found that the Appellant committed the acts set forth in the indictment, the jury was never apprised of the specific act alleged in the indictment. Appellant made timely objection to the omission in the charge, and tendered an instruction. The objection was overruled and the tender refused. The verdict returned by the jury merely finds Appellant "guilty of forgery by possession with intent to pass, as charged in the indictment." When the instrument alleged to be forged is set out in the indictment according to its tenor, the writing offered in evidence must conform thereto with almost minute detail. *Armstrong v. State,* 573 S.W.2d 813 (Tex.Cr. App.1978). We can not determine from what transpired that the jury compared the evidence (Check No. 425) knowingly with the offense alleged and found each element of the indictment to have been proven.

In *Howell v. State,* 627 S.W.2d 836, 837 (Tex.App.—Fort Worth 1982 PDRR) the court held that in a prosecution for possession of a forged check, the trial court did not err in failing to set out in full the tenor of the check in the charge to the jury where that check was set out in the indictment in haec verba and that check was the only check admitted into evidence. In that case, the Appellant failed to request that the exact wording of the check be included in the court's charge and failed to object to the omission. In that case, there was only one check. Here, proper objection and request were made. Here, there were two checks introduced into evidence. Here, the jury was never made privy to the specific allegations of the indictment. The tenor of the check was never read to them and they did not see the indictment. Ground three is sustained.

The judgment is reversed and the case remanded for a new trial.