Loretta Jean CLINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0321–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 24, 1985.

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lori B. Millberg, Herbert Burns, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

**OPINION**

COHEN, Justice.

A jury convicted the appellant of forgery, a third degree felony, upon finding that she possessed a forged check with intent to utter it. Tex.Penal Code Ann. sec. 32.21 (Vernon 1974). The court assessed punishment of two years probation. She brings three grounds of error asserting that the court erred by denying her motion to dismiss for lack of a speedy trial; that the evidence was insufficient; and that the jury charge was fundamentally defective for failing to describe an offense. We overrule these grounds of error and affirm the judgment.

The appellant filed two motions concerning the issue of speedy trial. The first was filed March 19, 1984, and was styled "Defendant's Motion for Speedy Trial." It prayed for alternative relief, either that a speedy trial be granted or that the indictment be dismissed for lack of a speedy trial. Neither motion cited the Speedy Tri-

al Act, Chapter 32, Code of Criminal Procedure. The court denied the March 19th motion; however, in response to the motion, the case was set preferentially for trial, thus giving the appellant one form of the relief requested. Consequently, no error is shown as to the March 19th motion.

The March 20th motion to dismiss for lack of the speedy trial contained an identical prayer for alternative relief. Therefore, the granting of a preferential setting in response to the March 19th motion also constituted granting one of the forms of alternative relief prayed for under the March 20th motion. The record does not indicate that any other ruling was ever made expressly relating to the March 20th motion.

We conclude that the court's action in granting the speedy trial granted relief on both motions and, therefore, nothing is presented for review.

The first ground of error is overruled.

The second ground of error complains that the evidence was insufficient. The evidence showed that the appellant was employed by the complaining witness, a physician, and that she had the exclusive responsibility for his bookkeeping and banking. She was responsible for recording the receipt of checks and depositing them in her employer's account. The employer's record showed that the forged check was not deposited on the day of receipt and that the business records had been altered so that the missing check would not be noticed. A teller at the employer's bank identified the appellant as the person who cashed the check at the time she made a deposit to the employer's account. A vice-president of the employer's bank testified that he confronted the appellant with his suspicions, and she admitted that she had forged her employer's signature and cashed the check. This evidence was clearly sufficient. *See* Penal Code sec. 32.21(a)(1)(A)(i); (B); and (C).

The appellant argues, however, that the evidence in a forgery case cannot be sufficient when, as in the instant case, the original check is lost. In *Anderson v. State*, 621 S.W.2d 805, 809 (Tex.Crim.App. 1981), the court approved the use of a copy of a check the defendant was accused of forging. A true copy of the check was held properly admitted where there was sufficient proof that the original had been lost, that a reasonable effort had been made to find it, and there was no evidence that the copy differed from the original. The court held that whether these predicates have been proved is a matter within the trial judge's sound discretion. In this case, the court received a true copy of the forged check only after hearing testimony concerning its loss and the prosecutor's diligent but unsuccessful search for it. There was no evidence that the copy differed from the original. No abuse of discretion has been shown.

The appellant further argues under this ground of error that the absence of the original check rendered the entire prosecution fundamentally unfair because it made it impossible for her to prove, by use of expert handwriting analysis, that the endorsement on the check was not her own. The appellant called as her witness a handwriting expert with the Houston Police Department, who testified that it was impossible to use a copy to compare the handwriting thereon with known original handwriting samples. This, the appellant claims, deprived her of essential evidence because, if the original had not been lost, it could have been examined by a handwriting expert who might have concluded that it was, in fact, not forged, but was signed by the complaining witness, her employer.

We consider this to be a due process claim, although no authority has been cited. We observe that there is no evidence that the original check was ever possessed by the state. It appears to have been lost by the bank's insurance company. Thus, it cannot be said that the state ever had access to the original check, or that its access assisted it in the preparation or presentation of its case. It was not shown that the state's possession, if any, of the check led to the discovery of any witnesses

or evidence against the appellant. This is not a case in which the check was shown to have been examined by the state's expert, secret and apart from any defense investigator, and was then lost before the defendant had an opportunity for an equal examination. It has not been shown that the state benefited in any way from the loss of the check, or that the state caused the loss of the check. In fact, the state was deprived of the same "benefit" claimed by the appellant because expert analysis of the original could just as likely have supported the testimony of the complaining witness, who denied endorsing the check.

 The disadvantage claimed is based entirely on speculation that a defense handwriting expert would have concluded that the original check was endorsed by the appellant's employer. This is too speculative a harm to render an otherwise fair trial unfair. *See California v. Trombetta,* — U.S. ——, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). The state's case was certainly not stronger in the jury's eyes and was probably weaker as a result of not having the original check.

Ground of error two is overruled.

The third ground of error argues that the jury charge was fundamentally erroneous because it failed to include the back side of the check, containing the endorsement, in the jury charge. No authority is cited under this ground of error. The jury charge does include the face of the check.

This issue was decided in the state's favor in *Howell v. State,* 627 S.W.2d 836 (Tex.App.—Fort Worth 1982, pet. ref'd), a forgery case in which neither the front nor the back of the check was contained in the jury charge. The *Howell* court noted that: (1) the tenor of the check was alleged in the indictment; (2) only one check was introduced into evidence; (3) the appellant failed to request that the exact wording of the check be included in the jury charge; and (4) the appellant failed to object to the court's charge on the ground that the exact wording was not set out therein. This was also the situation in the case at bar. The

check was set out in the indictment by photocopy, and it was the only check introduced in evidence. The appellant did not object to the charge or request that it include the other side of the check. We conclude that the charge was not fundamentally defective. *Howell v. State, supra; Hart v. State,* 682 S.W.2d 346 (Tex. App.—Dallas, 1984).

The third ground of error is overruled.

The judgment is affirmed.