**Sheldon Wayne OKU, Appellant.**

v.

**The STATE of Texas, Appellee.**

**No. 03–99–00160–CR.**

Court of Appeals of Texas,
Austin.

June 15, 2000.

**690**

M. Ariel Payan, Austin, for appellant.

Jim Noble, Asst. Dist. Atty., New Braunfels, for State.

Before Justices JONES, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

Sheldon Oku pleaded guilty to aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The district court assessed punishment at twenty years in prison. Appellant raises one issue contending that the district court erred by failing to convene a jury to determine his competency during the hearing on his motion for new trial. We will affirm the conviction.

Appellant was indicted for intentionally and knowingly causing bodily injury to his ex-wife by detonating an explosive device that was alleged to be a deadly weapon. This is the second offense arising out of this incident. In the first offense, appellant received a fifteen-year sentence for committing aggravated assault against his step-daughter using the same explosive device.[1]

The State offered appellant a plea bargain of a seven-year prison sentence to be served consecutive to appellant's previously imposed fifteen-year prison sentence. Based on the State's plea bargain, appellant pleaded guilty. At the sentencing hearing, rather than accept the State's plea bargain, the district court rejected the plea agreement and assessed appellant's punishment at twenty years in prison to run concurrently with the previously imposed sentence. Because the court refused to accept the plea bargain, the court asked appellant if he wanted to change his plea to not guilty. The court instructed appellant that if he changed his plea, the fact that he had ever entered a plea agreement could not be used against him. The court then offered appellant an opportunity to discuss the decision with his attorney. Appellant indicated that he understood the court, that he did not need to discuss anything with his attorney, and that he wanted to continue pleading guilty. The court sentenced appellant and informed

---

1. This Court affirmed appellant's first conviction. *See Oku v. State*, No. 03–98–039–CR, 1999 WL 795245 (Tex.App.—Austin October 7, 1999, no pet.) (not designated for publication).

him that he had thirty days to file a motion for new trial.

Appellant filed a timely motion for new trial contending that he had not been given an opportunity to withdraw his guilty plea and request a trial when the district court deviated from the State's plea bargain. At the new-trial hearing, the defense attorney asked appellant questions about his guilty plea and sentencing hearing. Appellant testified that he had suffered a stroke since his sentencing hearing and because of the stroke he has a difficult time understanding things, is easily confused, and forgets a lot. Currently, he is confined to a prison hospital. It became clear to the district court that appellant could not recall most of the details regarding his plea and sentencing hearing. The district court noted, "Counsel, I think it's pretty obvious from the record that competency at this stage is an issue, and I—the Court is not under law qualified to make that determination. That's a jury issue." The court then noted that while he recalled deviating from the State's plea bargain he "must've told [appellant that] he had the right to withdraw his plea and gave ... him time to talk [to his attorney] over several hours that morning before finalizing the sentence." The district court then requested that the court reporter read from his notes taken during appellant's sentencing hearing to determine if he had properly instructed appellant about withdrawing his guilty plea. After reviewing the record from the sentencing hearing, the district court noted that the sentence was a deviation from the State's plea bargain and the court had properly explained to appellant his right to withdraw his guilty plea. The court then overruled appellant's motion for new trial.

Appellant now complains that the district court erred by failing to convene a jury to determine his competency during the new-trial hearing. At the new-trial hearing, the district court, the defense attorney, and the State all essentially agreed that appellant's competency at that point had become questionable. Appellant contends that pursuant to Texas Code of Criminal Procedure article 46.02 section 2(b), as soon as the district court determined that there was a competency issue at the new-trial hearing, it was required to continue the hearing and submit to a jury the issue of appellant's competency. *See* Tex.Code Crim. Proc. Ann. art. 46.02, § 2(b) (West 1979). Appellant asks this Court to "reverse the decision of the trial court and return appellant to a new-trial hearing so that a competency exam may be conducted."

■ *During trial*, if evidence from any source raises the issue of the defendant's competency, the trial court must convene a jury and conduct a hearing on competency. *See id.* Whether the district court was required to hold a competency hearing in this case depends upon whether the new-trial hearing was part of appellant's trial.

■ Sentencing is the final act of a trial. *See Casey v. State*, 924 S.W.2d 946, 949 (Tex.Crim.App.1996). "Sentencing closes the door on the trial because it is the final action at the trial stage without which punishment cannot be carried out and appeal cannot be taken." *Id.*

■ Appellant does not assert on appeal that he was incompetent during either his guilty plea or sentencing hearing such that his plea was involuntary. This is not a case in which evidence is presented at a new-trial hearing that explains or defines evidence of incompetence that was already before the court during trial. *See Boling v. State*, 617 S.W.2d 241, 242 (Tex.Crim. App.1981); *Brown v. State*, 960 S.W.2d 772, 776 (Tex.App.—Dallas 1997, pet. ref'd). In fact the district court and the defense attorney agreed that appellant was competent during his sentencing hearing and that his medical problems began after he was sentenced and in prison. Because the issue of incompetency first appeared during appellant's new-trial hearing, which is a post-trial proceeding, and there has been no issue raised about whether appel-

lant was incompetent during trial such that his plea was involuntary, we hold that article 46.02 section 2(b) is inapplicable to this case. Appellant's issue is overruled, and the district court's judgment is affirmed.