**Billy Wayne McDANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–188–CR.**

Court of Appeals of Texas,
Waco.

March 6, 2002.

---

Kelly R. Myers, Corsicana, for appellant.

Patrick C. Batchelor, Navarro County Crim. Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Billy Wayne McDaniel was convicted of "bail jumping" in 1998 and placed on community supervision. In 2001, the State petitioned the district court to revoke community supervision. After a hearing, the court granted the petition and sentenced McDaniel to three years in prison. McDaniel brings this appeal claiming that the court erred by (1) not granting a competency hearing before a jury and (2) not allowing him to be examined by a psychologist of his choice. We will reverse the judgment and remand for further proceedings.

## BACKGROUND

In 1998, McDaniel pled guilty to the offense of bail jumping. TEX. PEN.CODE ANN. § 38.10 (Vernon 1994). The district court accepted his plea and sentenced him to three years in the state penitentiary, but the court suspended the imposition of the sentence and placed him on community supervision. On March 13, 2001, the State filed with the court a petition to revoke because McDaniel allegedly violated three of the conditions of his community supervision. On March 22, McDaniel filed a "Motion for Examination Regarding Incompe-

tency." In that motion, defense counsel asserted that there was an issue regarding his client's competency. Counsel requested that the court appoint a disinterested expert to examine his client as provided by article 46.02 of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 46.02, § 3(a) (Vernon Supp.2002). In addition, counsel requested that the court hold a competency hearing before a jury under section 4(a) of article 46.02. Id. art. 46.02, § 4(a) (Vernon Supp.2002). On March 26, the court appointed Dr. Paul Andrews, a psychologist, to examine McDaniel concerning his competency to participate in the revocation proceedings.

The court held the revocation hearing on March 30. McDaniel pled not true to the allegations in the State's petition. During the hearing, McDaniel asked the court to allow him to represent himself because he was dissatisfied with his court-appointed attorney. The court granted the request, but ordered the attorney to assist him. After hearing the State's evidence and McDaniel's defense, the court revoked his community supervision. The motion regarding competency was not addressed at that time.

Dr. Andrews examined McDaniel and submitted his findings in a report that was filed with the court on May 30, exactly two months after the revocation hearing, indicating McDaniel was competent. On May 31, the court held the sentencing hearing. The court, without expressly ruling on the competency motion, sentenced McDaniel to three years confinement in state prison. McDaniel, still representing himself, then requested another psychological exam by a psychologist of his choice, which the court denied.

## COMPETENCY

In his first point of error, McDaniel argues that the trial court erred by not

granting him a competency hearing before a jury under article 46.02, section 4(a). *Id.*

**Applicable law**

 Article 46.02 contains provisions concerning a defendant's competency to stand *trial. Id.* art. 46.02 (Vernon 1979 & Supp.2002). There are no separate provisions for revocation hearings. A community supervision revocation hearing is neither a criminal nor civil trial, but rather an administrative hearing. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Becker v. State,* 33 S.W.3d 64, 65 (Tex. App.-El Paso 2000, no pet. h.). Nevertheless, the courts apply the provisions of article 46.02 to revocation hearings. *E.g., Casey v. State,* 924 S.W.2d 946, 947–48 (Tex.Crim.App.1996); *Reeves v. State,* 46 S.W.3d 397, 399–400 (Tex.App.-Texarkana 2001, no pet. h.).

A person is incompetent to participate in a revocation hearing if he does not have "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46.02, § 1A(a). Section 2 of article 46.02, entitled "Raising the Issue of Incompetency to Stand Trial," describes when a hearing is to be held by the trial court to determine if a hearing before a jury should be held to determine competency. It reads:

(a) The issue of the defendant's incompetency to stand trial shall be determined *in advance of the trial on the merits* if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If *during the trial* evidence of the defendant's incompetency is brought to

the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

*Id.* art. 46.02, § 2(a), (b) (emphasis added). The Court of Criminal Appeals recently concluded that the competency hearing before the bench provided for under Section 2 is to be referred to as a "competency inquiry," and the term "competency hearing" is reserved for the hearing before the jury under section 4(a). *Alcott v. State,* 51 S.W.3d 596, 600–01 (Tex.Crim.App.2001). In *Alcott,* the Court reaffirmed that to trigger a competency inquiry *during* trial under section 2(b), there must be sufficient evidence to create *bona fide* doubt in the trial judge's mind as to the defendant's competence. *Id.* at 601. However, under section 2(a), a competency inquiry *before* trial is triggered only on the court's motion or a pretrial motion by the defendant or his counsel. TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(a). Thus, our analysis of McDaniel's first point depends on whether the trial court's actions are governed by section 2(a) or section 2(b).

 McDaniel's brief cites section 2(b) as the provision that controlled the court's actions and presumes that the issue of incompetency had been raised *during* trial. *Id.* art. 46.02, § 2(b). The State's brief applies section 2(a) as if the issue had been raised "in advance of the trial on the merits," and in the alternative applies section 2(b). But both provisions could not have controlled; either the issue of McDaniel's competency was raised by a motion "in advance of the trial on the merits" or "during the trial." *Id.* art. 46.02, § 2(a), (b). We conclude that because defense counsel filed a motion before the revocation hearing which raised the issue of his client's competency, section 2(a) is the con-

trolling provision. We note that at the time of sentencing, the trial court stated: "This Court had a hearing on a contested motion to revoke on March the 30th. The defendant raised an issue of competency *at that time.*" The court was incorrect. Counsel's motion which raised the issue of competency was filed with the court on March 22nd, more than one week before the revocation hearing.

■ The language of section 2(a) requires the trial court to conduct a "competency inquiry" before trial in which the court "determines [whether] there is evidence to support a finding of incompetency to stand trial . . . ." *Id.* art. 46.02, § 2(a).[1] In the competency inquiry under either (a) or (b), the court must determine "whether there is *some evidence,* a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetence." *Alcott,* 51 S.W.3d at 599–600 (quoting *Sisco v. State,* 599 S.W.2d 607, 613 (Tex.Crim. App. [Panel Op.] 1980)) (emphasis added). In other words, the court must grant a competency hearing only if the court finds at the section 2 competency inquiry that there is evidence of the defendant's incompetency to stand trial as evaluated by the "some evidence" standard. *Alcott,* 51 S.W.3d at 600.

**Standard of review**

■ The standard of review of the decision on a competency inquiry is whether the trial court abused its discretion by failing to impanel a jury for the purpose of conducting a competency hearing. *Moore v. State,* 999 S.W.2d 385, 393 (Tex.Crim. App.1999) (citing *Garcia v. State,* 595 S.W.2d 538, 542 (Tex.Crim.App. [Panel Op.] 1980)). We ask: Does the evidence raise the issue for submission to a jury when viewed "in the light most favorable to the party with the burden of securing the finding, disregarding contrary evidence and inferences?" *See Sisco,* 599 S.W.2d at 612. We do not conduct a *de novo* review from the record. *Casey,* 924 S.W.2d at 948.

**Application of law to facts**

■ McDaniel argues that sufficient evidence was presented to raise the issue of whether he was competent, and that the court was required to halt the proceedings and impanel a jury to decide that issue. Specifically, he argues that the court erred in deciding not to hold the jury hearing because the court did not "assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetence." *Sisco,* 599 S.W.2d at 613. However, the *Sisco* standard advanced by McDaniel applies only to a court's decision whether to impanel a jury *after* an initial competency inquiry. Here, the court did not conduct an initial inquiry. Therefore, the question before us is whether the trial court should have conducted a section 2 competency inquiry, not whether the court should have impaneled a jury to determine his competency.

On March 22, 2001, McDaniel's defense counsel filed a written motion raising the issue of his client's competency to stand trial. The filing of this motion required the court to conduct a competency inquiry, to determine whether to hold a section 4(a) competency hearing before a jury. Tex. Code Crim. Proc. Ann. art. 46.02, §§ 2(a),

---

**1.** Section 4(a) provides: "If the court determines that there is *evidence to support a finding of incompetency to stand trial,* a jury shall be impaneled to determine the defendant's competency to stand trial. . . . " Tex.Code Crim. Proc. Ann. art. 46.02, § 4(a) (Vernon Supp.2002) (emphasis added).

4(a). The court never conducted an inquiry as required. Nevertheless, the revocation hearing was held on March 30. At the hearing, McDaniel asked his attorney: "Did you make a motion for a competency hearing like I asked?" Before defense counsel could respond, the court interrupted and stated: "Yes, that motion has been made and is pending before the court." The court further stated that it "will deal with that issue later." At the end of the revocation hearing, the court stated its belief that McDaniel was competent to stand trial. The court found that McDaniel "understands the nature, or it appears to me certainly at this time that he understands the nature of these proceedings . . . ." The court also noted that McDaniel had "competently if not artfully handled his own defense in this case with the assistance of Mr. Smith, his appointed attorney." But the court deferred sentencing until Dr. Andrews had completed his examination of McDaniel.

On May 30, 2001, Dr. Andrews filed with the court his report on McDaniel's competency to stand trial. The following day, the court conducted McDaniel's sentencing hearing. At the beginning of the hearing, the court concluded "[t]he psychologist found that Mr. McDaniel, the defendant, was competent and that there is no reason to believe that he was incompetent. We will proceed with sentencing at this time."

■ We find that the court erred by not conducting a competency inquiry to allow McDaniel the opportunity to present evidence of his incompetency which might warrant a jury competency hearing under section 4(a). On appeal, both parties have overlooked the procedural step of the section 2 judicial inquiry. Moreover, the parties ask us to conduct a *de novo* competency inquiry, similar to a section 2 competency inquiry, so we can determine if McDaniel was entitled to a jury competency hearing based on our reading of the record. The Court of Criminal Appeals has expressly stated that we are precluded from doing such a review because article 46.02 requires the trial court to do so. *Casey*, 924 S.W.2d at 948.

The court's informal approach provides an inadequate basis on which we can determine whether it properly exercised its discretion. By failing to conduct the section 2 competency inquiry, the court did not decide at the required time whether a jury should be impaneled to determine McDaniel's competency. Thus, the trial court abused its discretion by not following the procedures outlined in article 46.02 when McDaniel filed a "pretrial" motion asserting his incompetency to stand trial. McDaniel's first point is sustained.

## EXAMINATION BY DEFENDANT'S EXPERT

■ In his second point, McDaniel complains that the trial court erred by not allowing him to be examined by an expert of his choice under article 46.02, section 3(h). TEX.CODE CRIM. PROC. ANN. art. 46.02, § 3(h). On remand, McDaniel may renew such a request and the court "shall provide the examiner with reasonable opportunity to examine the defendant" before conducting the section 2(a) hearing. *Id.*

## CONCLUSION

Finding the that trial court erred by not following the procedures of article 46.02, we reverse the revocation order and remand the cause to the trial court for a section 2 competency inquiry. *See Casey*, 924 S.W.2d at 949.

Justice TOM GRAY dissenting.

TOM GRAY, Justice, dissenting.

McDaniel asserts that he was entitled to a determination of his competency by a

jury. To avoid confusion with what the Court of Criminal Appeals has called a competency inquiry, I will use the term "competency trial" to describe the hearing before a fact finder to determine the defendant's competency to stand trial. *See Alcott v. State*, 51 S.W.3d 596, 600–601 (Tex.Crim.App.2001).

McDaniel has not asserted that he made a motion pursuant to article 46.02, section 2(a) of the Code of Criminal Procedure to obtain a competency trial. As McDaniel's brief properly acknowledges, the motion that was filed prior to the revocation hearing "merely requested an examination to determine competency and did not specifically assert that Appellant was incompetent...." McDaniel obtained all the relief requested pursuant to the motion-a competency examination by an independent expert. The majority's disposition is based on characterizing the motion as a section 2(a) motion. The motion is not a section 2(a) motion because it does not allege that McDaniel is incompetent. *See Boling v. State*, 617 S.W.2d 241, 242 (Tex.Crim.App. 1981). The motion only alleges that there is an issue of his competency and that he should be examined by an independent expert. Accordingly, the majority's decision to reverse the trial court's judgment, based on the characterization of the motion as a section 2(a) motion, is based on a faulty premise and is therefore improper.

Additionally, the issue raised by the majority for McDaniel was waived. If the motion was a section 2(a) motion, McDaniel should have objected to proceeding with the revocation hearing without a ruling on his pretrial motion. McDaniel waived any error of the trial court in proceeding with the revocation hearing without ruling on the motion by failing to object and obtain a ruling thereon. Tex.R.App. P. 33.1.

Finally, if it was a section 2(a) motion, it would not have been error for the trial court to overrule the motion because the motion did not "bring forth any evidence of incompetency." *Boling*, 617 S.W.2d at 242–243.

McDaniel briefed and argued the proper issue: whether during the revocation hearing, sufficient indication of incompetency was brought to the trial court's attention, from any source, to require the trial court to hold a competency inquiry. Tex.Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon 1979). McDaniel argues that the earlier motion requesting a competency examination by an independent expert and the events that occurred during the revocation hearing, including the testimony of McDaniel on cross examination, were adequate to raise the issue. Having reviewed what had been brought to the trial court's attention regarding McDaniel's competency, I do not believe that a *bona fide* doubt was raised about McDaniel's competency to stand trial. *Alcott v. State*, 51 S.W.3d 596, 601 (Tex.Crim.App.2001).

Accordingly, the trial court did not err in failing to hold a competency inquiry. *Id.* Because no competency inquiry was required, McDaniel was therefore not entitled to a competency trial. *Id.*

Based on the foregoing, I would overrule McDaniel's first issue.

In his second issue, McDaniel contends he was entitled to an examination by an expert of his own choosing. At his sentencing hearing McDaniel made an oral motion for the appointment of an unnamed expert of his choice to conduct a competency examination pursuant to article 46.02, section 3(h). Tex.Code Crim. Proc. Ann. art. 46.02, § 3(h) (Vernon 1979). The trial court had already revoked his probation and was prepared to proceed with sentencing. To make McDaniel available for an examination by an expert of McDaniel's choosing would have necessitated an un-

warranted delay. *See id.* The motion was not timely as required by the statute. *Id.* Accordingly, I would overrule McDaniel's second issue.

Having overruled all of McDaniel's issues, I would affirm the trial court's judgment. Because the majority does not, I respectfully dissent.