TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00780-CR






Jesse Avalos, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0971204, HONORABLE FRED A. MOORE, JUDGE PRESIDING





 A jury found appellant Jesse Avalos guilty of aggravated sexual assault of a child
and assessed his punishment at ten years' imprisonment. See Tex. Penal Code Ann.
§ 22.021(a)(1)(B), (a)(2)(B) (West Supp. 1999). Appellant's primary contentions on appeal are
that the trial court erred by denying his motion for continuance, failing to conduct a hearing on
his competency to stand trial, failing to grant him a new trial, and admitting improper evidence. 
We will affirm.


BACKGROUND (1)

 In a pretrial motion, appellant moved for the appointment of a psychological expert
to assist in the preparation of his defense. The trial court granted this request by written order
July 15, 1997, and the case was set for a jury trial in September. On the trial date, appellant
requested a continuance because the court-appointed psychologist had not completed his evaluation
of appellant. The trial court granted this request and rescheduled the trial for October 13.

 On October 10, appellant moved ex parte for the appointment of an additional
expert; the trial court granted the motion and allocated appellant funds to secure an expert. On
October 13, the morning trial was scheduled to begin, appellant filed his second motion for
continuance, alleging the discovery of new evidence for a new defense. During the October 13
hearing on appellant's motion for continuance, appellant's attorneys explained to the court that
their first expert indicated to them on October 10 that appellant required additional evaluation by
other experts. Upon learning this, appellant's attorneys immediately requested that additional
experts be appointed, and the trial court granted the motion around 4:30 p.m. on Friday afternoon. 
Appellant's attorneys explained that they had not been able to have appellant evaluated over the
weekend and that one of their new experts would not be able to evaluate him until Wednesday,
October 15. The attorneys refused to provide the trial court with more specific grounds for the
continuance in open court and instead requested an ex parte hearing, citing Ake v. Oklahoma, 470
U.S. 68 (1985). (2) The trial court denied the request for an ex parte hearing, questioned appellant
in open court, then denied appellant's motion for continuance.

 The case proceeded to trial as scheduled on October 13. On October 15, the jury
returned its guilty verdict. Appellant had elected to have his punishment assessed by the jury, and
the trial court instructed the jury to return the next morning for the punishment phase. Court
recessed at approximately 2:00 p.m. and appellant was examined later that day by a mental health
expert, Ray Johnson. (3)

 The following morning, before the jury was seated, the State presented to the trial
court six witnesses who were going to testify regarding extraneous matters during the punishment
proceeding. Appellant's counsel then called Ray Johnson, an unlicensed psychologist, explaining
to the trial court that: "Last night you gave us a few hours to have our client examined by an
expert. He has been examined and it is the opinion of Mr. Johnson, who examined him, that he
is not competent." Johnson then testified that appellant has mild mental retardation and suffers
from impulse control disorder. Johnson stated that based on his examination the previous evening,
he had formed the opinion that appellant did not have a rational as well as a factual understanding
of the proceedings against him because he did not factually understand what was occurring. He
also testified that he was "not very sure" that appellant had a present sufficient ability to consult
with his lawyers with a reasonable degree of rational understanding, because he was not sure
appellant had a rational ability to consult with his lawyers. (4) Johnson was cross-examined by the
State, and the trial court questioned Johnson as well. Upon conclusion and before the jury
entered, the prosecutor inquired whether the trial court, based on the testimony that had just been
brought to his attention, was making findings regarding appellant's competency to stand trial. The
trial court judge responded:


 I don't know what the man was offered for. . . . I have never had anybody
raise the issue right in the middle of trial. . . . I don't know why it was not raised
until this time. 


 My position is that I have got to do something with this jury because he gets
several bites at the apple if I let this jury go. Then we go determine competency. 
I am going to finish this case with this jury, then I will worry about what I want to
do with the evidence that has been brought to me about competency.



(Emphasis added.)

 Appellant did not request the trial court to empanel a competency jury, did not
request a mistrial, and did not object to the trial court's decision to defer the competency hearing. 
Defense counsel did attempt to clarify to the trial court that he previously "had suspicions" about
appellant's competency but had not brought it up until this time because Johnson had not been
available to examine appellant until the previous day. The attorneys then discussed with the trial
court the parameters of Johnson's testimony in front of the jury sitting for the punishment; the trial
court ruled that Johnson could discuss appellant's mental abilities but could not present his opinion
regarding appellant's competency to stand trial because that "is for another jury."

 The parties presented ten punishment phase witnesses to the jury, and the jury
began deliberating at approximately 2:30 p.m. The jury returned with a verdict on punishment
that same day, assessing appellant ten years' imprisonment. After the trial court dismissed the
jury, he stated, "I am not going to adjudicate any guilt at this time. I am not going to proceed to
a sentence at this time because of what Mr. Johnson told us. We are going to recess until Monday
week, which is the 27th, I believe." He then explained to appellant's attorney that he was going
to permit an expert for the State to examine appellant for the limited purpose of determining
whether appellant was competent to stand trial. The trial court stated that appellant's attorney had
presented a "serious problem" that needed to be resolved:


I am talking about the initial finding of whether there is evidence to support us
getting to a jury on competency. . . . I haven't made a determination yet.



(Emphasis added.) Appellant made no objection to the trial court's postponing the decision and
did not request a trial to determine competency.

 Court reconvened October 27, and the trial court explained:


 The hearing we are here for today is to determine whether there is any
evidence before the court, a scintilla of the evidence to show that Mr. Avalos is
incompetent. . . . My understanding of what I am supposed to do now is determine
whether there is any evidence that he is incompetent and it is [sic] the type of
evidence that would get us to a fact determination of competency.



The prosecutor agreed that this was his understanding as well, but appellant's attorney stated:
"That is not my understanding." When the trial court asked appellant's attorney what he
understood the proceeding to be, the following exchange took place:


Defense Attorney: My understanding is that it is very clear to the State, if not to
the Court, that error has been committed in this case. The code
is clear. Article 46.02 requires that a mistrial be declared. It
wasn't. I don't know what these proceedings are for. . . . It
is true you are supposed to see if there is any evidence, even a
scintilla of evidence that he is incompetent. You have that and
you had it at trial and that was the time to declare a mistrial. .
. . I think we are here because the State is going to try to show
the harmlessness of the error which occurred at trial.


The Court: What was the error?


Defense Attorney: The failure to declare a mistrial and to impanel a trial [sic] for
competency.


The Court: That's what we are here for now.


Defense Attorney: Well, there is no jury. It is a hearing.


The Court: To decide if there is an issue raised.


Defense Attorney: There was and the time has passed. We have error in the
court. This proceeding is illegal.



 When the trial court asked appellant's attorney if he wanted the trial court to declare
a mistrial, counsel stated: "you can't declare a mistrial now." When queried what he wanted the
trial court to do, appellant's attorney stated, "I am not here on our motion." He stated that he was 
not asking for a hearing on competency because it had already been held when Johnson testified,
and following Johnson's testimony the trial court was obligated to declare a mistrial. The trial
court disagreed and explained that he wanted to hear anything appellant had to add to Johnson's
previous testimony. Appellant's attorney stated that he had nothing to present. The State
presented one witness and appellant's attorney declined to cross-examine him. The trial court then
asked: "Now, does the defense claim that the gentleman is incompetent and do you want a jury
trial on competency, and, if so, is Mr. Johnson going to testify?" Appellant's attorney responded:
"Judge, I think we are going to have to remain silent on all of those issues." The trial court
reminded him that it was appellant's burden to produce evidence that he was incompetent to stand
trial.

 The State requested that the trial court pronounce sentence on appellant because of
appellant's failure to take a position as to his competency. The trial court first requested that the
State explain the State's expert's opinion. (5) Appellant objected to the prosecutor's testimony on
the basis that it was inadmissible hearsay, that it violated appellant's constitutional right to
confront adverse witnesses, and that appellant had consulted with the expert prior to the State's
request that the expert examine appellant. The trial court responded that the rules of evidence did
not apply in competency hearings. The prosecutor testified that the expert specifically stated that
he had not been retained by appellant, and the trial court overruled all of appellant's objections. 
The prosecutor then explained to the trial court that the State's expert expressed the opinion that,
although one had to speak slowly to appellant, he was competent because he had a sufficient
present ability to consult with his lawyer with a reasonable degree of rational understanding and
had a rational as well as factual understanding of the proceedings against him. In response to a
question, the prosecutor admitted he did not know the exact questions the expert asked appellant.

 Appellant's attorney indicated that he did not have any evidence to present in
rebuttal or otherwise, and stated again that the State was using the hearing as an opportunity to
cure the trial court's error in failing to declare a mistrial earlier. The State offered argument to
the trial court as to why Johnson's testimony was insufficient to require a jury trial on the issue
of appellant's competency. The trial court again questioned appellant's counsel: "Are ya'll
claiming he is incompetent? I don't really understand." Appellant's counsel responded: "We
can't really take a position one way or the other. What we did was we raised the issue. That's
what we are obligated to do and we did it." The trial court was obviously frustrated by appellant's
position and observed that appellant's refusal to offer evidence during the hearing left him with: 


no reason to believe the defense . . . would . . . present any evidence at a jury trial
where they have the burden on incompetency because evidently, they wish to
preserve their error on the manner in which I addressed it when we got to the
defense evidence on punishment, which is when Mr. Johnson testified. Therefore,
I am in a no-win situation. I am not going to call a jury in when no one is asking
me to do it. . . . 



(Emphasis added.) The trial court determined that there was not a scintilla of evidence to establish
appellant's incompetency and closed the competency hearing. The trial court then adjudicated
appellant's guilt and sentence.

 Appellant filed a motion for new trial November 14. The motion alleged that the
trial court erred by failing to declare a mistrial when it was presented with more than a scintilla
of evidence of appellant's incompetency to stand trial. Attached to the motion was the affidavit
of Gary Aitcheson, a mental health expert, who averred that it was his opinion that appellant was
not competent to stand trial at the time of trial. The trial court held a hearing on the motion on
December 5 and at appellant's request the trial court took judicial notice of Ray Johnson's
testimony. The trial court also admitted into evidence the previously mentioned affidavit, along
with the affidavits of two other experts, all of whom concluded that appellant was incompetent to
stand trial at the time of trial. These three affidavits were presented to the trial court for the first
time pursuant to appellant's motion for new trial. The trial court took judicial notice of a letter
filed by the State's expert regarding his opinion that appellant was competent to stand trial. 
Finally, the trial court denied appellant's motion for new trial, and appellant perfected this appeal. 


DISCUSSION

Competency Issue

 Appellant raises three issues on appeal regarding the treatment of his competency
issue in the trial court. He argues that the trial court erred: (1) by failing to postpone the trial and
empanel a second jury to determine appellant's competence as soon as the trial court heard Ray
Johnson's testimony; (2) by permitting the prosecutor to testify during the October 27 hearing as
to what the State's expert stated to the prosecutor regarding appellant's competency to stand trial;
and (3) by failing to grant a new trial or order a formal competency hearing when appellant
presented uncontradicted evidence of his incompetency to stand trial during his motion for new
trial.

 It is well settled that the conviction of one who is legally incompetent to stand trial
violates due process of law. See Pate v. Robinson, 383 U.S. 375, 378 (1966). Article 46.02 of
the Texas Code of Criminal Procedure governs the procedure for making a competency
determination. See Tex. Code Crim. Proc. Ann. art. 46.02 (West 1979). Section 2(b) dictates
the procedure when the issue of incompetency is raised after trial begins:


If during the trial evidence of the defendant's incompetency is brought to the
attention of the court from any source, the court must conduct a hearing out of the
presence of the jury to determine whether or not there is evidence to support a
finding of incompetency to stand trial. 



Id. § (2)(b). While it is clear that evidence of incompetency may be brought to the trial court's
attention "from any source," the court of criminal appeals has held that a section 2(b) hearing is
required only if the evidence brought to the trial court's attention raises a bona fide doubt in the
trial court's mind as to the defendant's competency to stand trial. See Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997). (6) After the section 2(b) hearing, the trial court must
determine "whether there is some evidence, a quantity more than none or a scintilla, that rationally
may lead to a conclusion of competency." Sisco v. State, 599 S.W.2d 607, 613 (Tex. Crim. App.
1980).

 If a bona fide doubt is raised in the trial court's mind regarding incompetency under
section 2(b), and the trial court determines after a hearing that there is some evidence to support
a finding of incompetency to stand trial, section 4(c) requires the trial court to empanel a jury to
determine the issue; however, the trial court is allowed to set the issue for determination "at any
time prior to the sentencing of the defendant." Tex. Code Crim. Proc. Ann. art 46.02, § (4)(c)
(West 1979) (emphasis added). Only if the defendant is found incompetent to stand trial after the
beginning of the trial on the merits must the trial court declare a mistrial in the trial on the merits. 
See id. The trial court's decision not to empanel a jury to determine competency is reviewed
under an abuse of discretion standard. See Moore v. State, No. 72,638, slip op. at 5 (Tex. Crim.
App. April 21, 1999) (citing Garcia v. State, 595 S.W.2d 538 (Tex. Crim. App. 1980)).

 Appellant contends in issue two that the trial court erred by failing to postpone the
punishment phase of the trial on the merits and empanel a second jury upon hearing Ray Johnson's
opinion that appellant was not competent to stand trial. We note first that appellant did not ask
the trial court for this or any other relief at the time. He did not move for a continuance or request
the court to empanel a competency jury, and he did not object to the court's continuation of the
punishment phase. Instead, after conclusion of the punishment phase he complained from that
point forward that the trial court should have ordered a mistrial following Johnson's testimony,
although he never moved for a mistrial. In any event, appellant's contention is without merit. The
statements on the record recited above establish that at the conclusion of Johnson's testimony, the
trial court had not decided whether there was enough evidence to require that he empanel a jury
and he postponed that decision until a later time. See Moore, slip op. at 7 (trial court has
discretion as to when to conduct initial inquiry when issue raised during trial). Appellant first
presented Johnson's surprise testimony during a pretrial hearing for the punishment phase when
the trial court was considering other matters and witnesses relating to punishment, not
competence. The trial court did not evaluate Johnson's testimony at that time to determine
whether it supported a finding of incompetency to stand trial, and the proceeding did not constitute
a section 2(b) hearing. See Casey v. State, 924 S.W.2d 946, 948 (Tex. Crim. App. 1996) (raising
issue of incompetency is not equivalent to receiving section 2(b) hearing when trial court does not
evaluate evidence to determine if it supports a finding of incompetency to stand trial). Appellant's
attempts to characterize Johnson's testimony and the discussion surrounding his testimony as the
section 2(b) hearing ignores the trial court's clear announcement that it was postponing a decision
on the competency question.

 Even if Johnson's testimony could constitute a section 2(b) hearing, article 46.02,
section 4(c) plainly permits the trial court to empanel a jury to decide the issue of competency at
any time thereafter, prior to the sentencing of the defendant. See Tex. Code Crim. Proc. Ann.
art. 46.02, § 4(c) (West 1979). The court of criminal appeals has recently addressed this issue:


Article 46.02, § 4(c) contemplates that when the issue [of incompetency] is raised
in a manner other than pretrial under § 2(a), the trial court is to determine whether
there is evidence to support a finding of incompetency to stand trial. Section 4(c)
does not necessarily require a halting of proceedings and a separate determination
on competence. Rather, trial judges have discretion to decide when to conduct an
inquiry. If as a result of the inquiry the trial judge determines that there is
evidence to support a finding of incompetence to stand trial, the court is free to set
the issue for hearing at any time prior to the sentencing of the defendant.



Moore, slip op. at 7 (citing Williams v. State, 663 S.W.2d 833, 834 (Tex. Crim. App. 1984)). 
Accordingly, we hold that the trial court did not abuse its discretion by proceeding with the
punishment phase and postponing adjudication and sentencing until the court could determine
whether there was evidence to support a finding of competency, and, if so, to hold a competency
hearing. Appellant's second issue is overruled. 

 Appellant complains in issue three that the trial court erred by permitting the
prosecutor to testify during the October 27 hearing as to what the State's expert had told him
regarding appellant's competency to stand trial, in violation of the rules of evidence and
appellant's constitutional right to confront his witnesses. The Texas Rules of Criminal Evidence,
applicable at the time of the hearing, specifically provided that the rules of evidence did not apply
to an article 46.02 hearing held to determine whether there is sufficient evidence of incompetency
to require a jury determination of the issue. See former Tex. R. Crim. Evid. 1101(c)(3)(B). (7) 
Appellant's constitutional complaint is likewise without merit. An accused has the right, under
both the federal and state constitutions, to confront his accusers. See U.S. Const. amend. VI,
XIV; Tex. Const. art I, § 10; see generally Long v. State, 742 S.W.2d 302 (Tex. Crim. App.
1987). A psychiatrist who determines the accused's competency to stand trial is not an accuser. 
See Villareal v. State, 860 S.W.2d 529, 535 (Tex. App.--Corpus Christi 1993, pet ref'd). 
Furthermore, informing the court of an expert's opinion and how the witness will testify at a
competency hearing in no way infringes the accused's right to cross-examine that witness at the
future hearing. 

 Appellant further argues within this issue that if the October 27 hearing could be
characterized as a section 2(b) hearing, Johnson's testimony constituted more than a scintilla of
evidence that appellant was not competent to stand trial and the trial court should then have
empaneled a jury for a formal competency hearing. However, this issue is not properly raised as
an independent ground of appeal in appellant's brief. Furthermore, we note that appellant never
asked for this relief, although given the opportunity to do so, and his counsel expressly waived
this complaint during the October 27 hearing. When the trial court inquired whether appellant
wanted a jury trial on competency, counsel responded, "Judge, I think we are going to have to
remain silent on all those issues." The trial court attempted to continue with the hearing and the
State presented its evidence. The trial court then asked, "Okay. The defendants--I don't know
who has the burden in this anymore because the defense doesn't want me to do anything. Is that
right?" Appellant's counsel responded, "Yes. That's right." The trial court stated at the
conclusion of the State's argument: "I am not going to call a jury in when no one is asking me
to do it." The trial court subsequently determined that appellant had not raised a scintilla of
evidence that he was not competent to stand trial.

 Despite the tortured proceedings throughout the various hearings, appellant
nevertheless asserts by footnote in his brief that: "Regardless of what defense counsel did,
because the court had before it more than a scintilla of evidence that Appellant was incompetent,
it had a duty to proceed to a formal competency hearing." Based on the facts before us, we cannot
say that the trial court abused its discretion by failing to empanel a jury to determine appellant's
competency when appellant made clear his position that further proceedings were illegal and that
he did not intend to participate or present any proof as to his competency then or in the event the
trial court held such a proceeding. Appellant's third issue is overruled.

 Finally, appellant contends in issue four that the trial court erred by failing to grant
a new trial or order a formal competency hearing when appellant presented uncontradicted
evidence of his incompetency to stand trial during his motion for new trial. The competency
hearing must be held before sentencing; therefore, the trial court did not err by failing to order
a competency trial at the time it heard the motion for new trial. See Tex. Code Crim. Proc. Ann.
art. 46.02, § 4(c). 

 Appellant's motion for new trial alleges as its basis that the trial court "erred by
failing to declare a mistrial when presented with more than a scintilla of evidence of
incompetency," that being Johnson's testimony. This is an incorrect statement of law. The trial
court is not required to declare a mistrial when the issue of competency is raised mid-trial unless
a jury determines that the defendant is incompetent to stand trial. See id. As we have explained
in detail above, a jury was never empaneled to determine competency in this case. Therefore, the
trial court did not err as alleged in appellant's motion for new trial. We review the trial court's
decision to grant or deny a motion for new trial under an abuse of discretion standard. See Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). We hold that the trial court did not abuse its
discretion by refusing to grant a new trial when presented with the incorrect ground that it had
erred by not granting a mistrial. 

 The trial court nonetheless held a hearing on appellant's motion for new trial,
during which appellant offered into evidence the affidavits of three mental health experts who had
concluded that appellant was incompetent to stand trial at the time of trial. The trial court
admitted the affidavits and took judicial notice of Ray Johnson's testimony and of a letter filed by
the State's expert opining that appellant was not incompetent to stand trial at the time of trial. At
the hearing, appellant requested a new trial on the same incorrect grounds recited above, and again
did not request a competency hearing and did not assert his desire for a competency hearing as a
basis for requiring a new trial. Appellant cannot claim on appeal that the trial court erred by
failing to order a formal competency hearing when appellant did not request one in his motion for
new trial or during the hearing on the motion. Accordingly, we hold that the trial court did not
abuse its discretion by failing to order a new trial or by failing to order a formal competency
hearing. Appellant's fourth issue is overruled.


Appellant's Motion for Continuance

 Appellant in his first issue contends that the trial court's denial of his second motion
for continuance the day of trial was an abuse of discretion that constitutes reversible error. We
disagree. As appellant points out, to establish that the trial court abused its discretion by denying
a motion for continuance, appellant must show among other things that he was actually prejudiced
by the denial of his motion. See Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996);
Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).

 Appellant argues that he was prejudiced by the trial court's denial of his motion
because his court appointed expert was not able to examine him before trial. Thus, he was not
able to present the issue of his competency before trial and instead had to raise the issue mid-trial. 
Appellant never moved the court for a continuance on the ground that he was incompetent to stand
trial. Appellant argues instead that had Johnson's testimony or report been available before trial,
appellant could have asserted that he was incompetent, the competency evaluation could have been
completed prior to trial, and the trial court could have appointed other experts, conducted a section
2(a) hearing, and empaneled a jury to determine appellant's competency, all as contemplated by
article 46.02. See Tex. Code Crim. Proc. art 46.02, §§ 2(a), 3(a), 4(a) (West 1979). Article
46.02, however, provides for the issue of competency to be raised mid-trial and includes
procedures for that situation as well. See id. §§ 2(b), 3(a), 4(c). That procedure does not
prejudice an accused's rights but instead protects the accused. And, as we have explained, the
trial court attempted to follow the statutory provisions for determining the issue of competency
when appellant raised the issue mid-trial. Because we hold that appellant was not on this basis
prejudiced by the trial court's failure to grant his second motion for continuance, we overrule his
first issue.

 We note further that the trial court first granted appellant's request for the
appointment of a psychological expert on July 15. The court had continued the trial once before
because appellant had not obtained a complete investigation by the appointed psychologist. 
Appellant sought the appointment of a new expert only three days before trial, which the trial court
again granted. Although the trial court did not grant appellant's continuance the day of trial, the
evaluation he desired in fact was completed and available for use during the trial.


CONCLUSION


 We have overruled appellant's four issues. The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: May 20, 1999

Do Not Publish

1. Because appellant does not challenge the sufficiency of the evidence to sustain his conviction
but instead complains of procedural errors during the trial, we will limit our factual discussion to
the record of the proceedings and will not recount the facts of the offense.
2. The record does not reflect any reason for the various psychological evaluations. The
evidence indicates that appellant has mild mental retardation. The reference to Ake and counsel's
comments regarding evidence of a new defense suggest appellant may have been exploring the
defense of insanity. The question of insanity at the time of the offense, however, was never
raised, and appellant has never complained that he was prevented from presenting any defense. 
Instead, the dispute centers on appellant's competency at trial.
3. Ray Johnson is one of the experts appellant's attorneys retained to evaluate appellant after
the trial court allocated appellant funds for additional experts October 10.
4. The Code of Criminal Procedure establishes that a person is incompetent to stand trial if he
does not have: "(1) sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding; or (2) a rational as well as factual understanding of the proceedings
against him." Tex. Code Crim. Proc. Ann. art 46.02, § 1(a) (West 1979).
5. The trial court stated at the beginning of the hearing that the State's expert had left a voice
message for the trial court coordinator that he would not be able to attend the hearing because he
was in Denver, Colorado, "and the planes won't leave." 
6. The court of criminal appeals relies on Johnson v. State, 564 S.W.2d 707 (Tex. Crim. App.
1977) (on reh'g) for the proposition that the evidence raised must create a bona fide doubt in the
trial court's mind regarding a defendant's competency to stand trial before a section 2(b) hearing
must be held. Johnson held that if the issue of competency is raised mid-trial, a jury had to be
empaneled if the evidence raised a bona fide doubt in the trial court's mind regarding the
defendant's competency. See Johnson, 564 S.W.2d at 710-11. In Sisco v. State, 599 S.W.2d 607
(Tex. Crim. App. 1980), the court held that if the issue is raised pretrial, a jury had to be
empaneled if there was more than a scintilla of evidence that the defendant was incompetent to
stand trial. See Sisco, 599 S.W.2d at 613. In Williams v. State, 663 S.W.2d 832 (Tex. Crim.
App. 1984), the court held that because the language of article 46.02 is identical regardless of
whether the issue of incompetency is raised mid-trial or pretrial, only one standard should apply. 
The court determined that the Sisco standard should be applied in both situations and expressly
overruled Johnson's bona fide doubt standard. See Williams, 663 S.W.2d at 834. The court states
in Collier v. State, 959 S.W.2d 621 (Tex. Crim. App. 1997) that Williams overruled Johnson on
other grounds. See Collier, 959 S.W.2d at 625. We glean from this that the court of criminal
appeals has adopted the overruled Johnson standard as the standard that triggers a section 2(b)
hearing while leaving intact the Sisco standard for determining whether a jury should be
empaneled. See Moore v. State, No. 72, 638, slip. op. at 5 (Tex. Crim. App. April 21, 1999)
(reciting both standards).
7. The combined Texas Rules of Evidence, which went into effect March 1, 1998, retain this
rule. See Tex. R. Evid. 101(d)(1)(D).


granted appellant's request for the
appointment of a psychological expert on July 15. The court had continued the trial once before
because appellant had not obtained a complete investigation by the appointed psychologist. 
Appellant sought the appointment of a new expert only three days before trial, which the trial court
again granted. Although the trial court did not grant appellant's continuance the day of trial, the
evaluation he desired in fact was completed and available for use during the trial.


CONCLUSION


 We have overruled appellant's four issues. The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: May 20, 1999

Do Not Publish

1. Because appellant does not challenge the sufficiency of the evidence to sustain his conviction
but instead complains of procedural errors during the trial, we will limit our factual discussion to
the record of the proceedings and will not recount the facts of the offense.
2. The record does not reflect any reason for the various psychological evaluations. The
evidence indicates that appellant has mild mental retardation. The reference to Ake and counsel's
comments regarding evidence of a new defense suggest appellant may have been exploring the
defense of insanity. The question of insanity at the time of the offense, however, was never
raised, and appellant has never complained that he was prevented from presenting any defense. 
Instead, the dispute centers on appellant's competency at trial.
3. Ray Johnson is one of the experts appellant's attorneys retained to evaluate appellant after
the trial court allocated appellant funds for additional experts October 10.
4. The Code of Criminal Procedure establishes that a person is incompetent to stand trial if he
does not have: "(1) sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding; or (2) a rational as well as factual understanding of the proceedings
against him." Tex. Code Crim. Proc. Ann. art 46.02, § 1(a) (West 1979).
5. The trial court stated at the beginning of the hearing that the State's expert had left a voice
message for the trial court coordinator that he would not be able to attend the hearing because he
was in Denver, Colorado, "and the planes won't leave." 
6. The court of criminal appeals relies on Johnson v. State, 564 S.W.2d 707 (Tex. Crim. App.
1977) (on reh'g) for the proposition that the evidence raised must create a bona fide doubt in the
trial court's mind regarding a defendant's competency to stand trial before a section 2(b) hearing
must be held. Johnson